NOT DESIGNATED FOR PUBLICATION

No. 113,112

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LONNIE R. GADDIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed November 13, 2015. Affirmed.

*Richard P. Klein*, of Olathe, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*: Lonnie R. Gaddis appeals the district court's summary dismissal of his second K.S.A. 60-1507 motion, which the district court found was untimely and successive. On appeal, Gaddis contends that we should allow him to withdraw his plea or, in the alternative, that he is entitled to an evidentiary hearing on several alleged instances of ineffective assistance by his trial counsel. Nevertheless, Gaddis has failed to meet his burden of showing that his untimely motion should be considered to prevent manifest injustice. Additionally, he has not shown that circumstances exist to warrant a successive motion. Thus, we affirm.

1

On March 11, 1992, Gaddis pled guilty to one count of second-degree murder. On May 5, 1992, he filed a motion to withdraw his plea. At the hearing on the motion, Gaddis argued that he did not know the definition of second-degree murder when he decided to enter the plea and that he did not believe his actions constituted second-degree murder. Ultimately, the district court determined that there was a sufficient factual basis for Gaddis' plea to the charge of second-degree murder and denied the motion.

On May 8, 1992, the district court sentenced Gaddis to an indeterminate sentence of not less than 10 nor more than 20 years in the custody of the Secretary of Corrections or until otherwise discharged by law. The district court also denied a motion to modify Gaddis' sentence. Although counsel was appointed for a direct appeal, it does not appear from the record that one was ever filed.

On May 27, 1993, Gaddis filed his first K.S.A. 60-1507 motion arguing that his trial counsel provided ineffective assistance and that his plea was not voluntarily entered. After holding an evidentiary hearing, at which Gaddis' trial counsel testified, the district court denied his K.S.A. 60-1507 motion. His subsequent appeal was involuntarily dismissed on March 5, 1997.

More than 17 years later, on March 19, 2014, Gaddis filed another K.S.A. 60-1507 motion, which is the subject of this appeal. Once again, he alleged ineffective assistance of trial counsel. The State filed a motion to dismiss Gaddis' K.S.A. 60-1507 motion, arguing that it was filed outside of the 1-year time limit and did not show the manifest injustice necessary to extend the time limit. In addition, the State argued that the district court should dismiss the motion as successive because Gaddis could have argued the issues in the current motion in his first K.S.A. 60-1507 motion, and he failed to show that exceptional circumstances excused his failure to do so.

On May 22, 2014, the district court filed a memorandum decision and order summarily dismissing Gaddis' motion because he filed it outside of the 1-year time limitation and failed to show that it should be considered to prevent a manifest injustice. The district court also reasoned that Gaddis did not provide any exceptional circumstances justifying the filing of a second K.S.A. 60-1507 motion. Thereafter, Gaddis timely appealed.

ANALYSIS

*Standard of Review*

When the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively show that the movant is not entitled to relief. *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

*Untimely Filing of Motion*

K.S.A. 60-1507(f)(1) requires that a motion under that statute be filed within 1 year of the final order of the last appellate court to exercise jurisdiction on a direct appeal. Here, Gaddis was sentenced on May 8, 1992, and evidently did not file a direct appeal. Therefore, Gaddis' motion—which was filed on March 19, 2014—is untimely on its face. Nevertheless, K.S.A. 60-1507(f)(2) allows for an extension of time to be granted to prevent manifest injustice. Thus, we must determine whether Gaddis has shown that manifest injustice would occur unless he is allowed to file his motion out of time.

To determine whether manifest injustice exists, we consider the totality of the circumstances, including—but not limited to—whether Gaddis provided persuasive reasons that prevented him from timely filing his motion, whether the merits of his claim raise substantial issues of law or fact that deserve the district court's consideration, or

3

whether he sets forth "a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

Gaddis does not allege that he is actually innocent of the crime. Likewise, he does not provide any reason or circumstance that prevented him from timely filing the current 60-1507 motion. Instead, he argues only that the attorney representing him on his initial K.S.A. 60-1507 motion failed to properly argue his trial counsel's ineffectiveness somehow constitutes manifest injustice.

Moreover, Gaddis argues this version of manifest injustice for the first time on appeal. As a general rule, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). In his current 60-1507 motion, Gaddis did not mention his first K.S.A. 60-1507 counsel and only argued that the merits of his claims of ineffective assistance of trial counsel constituted sufficient reason for the district court to consider his untimely motion.

It is important to note that Gaddis had already argued in his first 60-1507 motion that his trial counsel was ineffective at his plea hearing and on his motion to withdraw his plea. Moreover, the district court held an evidentiary hearing on October 6, 1993, at which trial counsel testified. Accordingly, we do not find that the alleged merits of Gaddis' claim raise substantial issues of law or fact that deserve the district court's consideration since they have previously been addressed. Therefore, we conclude that the district court did not err in finding that Gaddis failed to show that his untimely motion must be considered in order to prevent manifest injustice.

*Successive Motions*

Alternatively, the district court dismissed Gaddis' motion because it was successive. A district court does not need to consider a subsequent motion brought

pursuant to K.S.A. 60-1507 unless the movant shows circumstances justifying the original failure to list a particular ground for relief. See *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013).

> "A sentencing court may not consider a second or successive motion for relief by the same movant when: (1) the ground for relief was determined adversely to the movant on a prior motion; (2) the prior determination was on the merits; and (3) justice would not be served by reaching the merits on the subsequent motion." Supreme Court Rule 183(d) (2014 Kan. Ct. R. Annot. 286).

As stated previously, Gaddis' current K.S.A. 60-1507 motion simply rehashes his previous claims that his trial counsel was ineffective. Furthermore, the district court held an evidentiary hearing on Gaddis' initial K.S.A. 60-1507 motion—at which time it heard the testimony of trial counsel—and decided the issue on the merits. We do not find that Gaddis' current motion alleges circumstances justifying reconsideration of those issues. We conclude, therefore, that the district court did not err in dismissing the current motion as successive.

Affirmed.