NOT DESIGNATED FOR PUBLICATION

No. 112,929

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HUGO V. AGUILERA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed January 22, 2016. Affirmed.

*Janine Cox*, of Kansas Appellate Defender Office, for appellant.

*David Belling*, assistant county attorney, *Natalie Randall*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and STANDRIDGE, JJ.

*Per Curiam*: Hugo V. Aguilera seeks to overturn the district court's decision to deny his habeas corpus motion as untimely. Specifically, Aguilera claims a manifest injustice will result if the district court's decision is not overturned because the merits of his underlying claim alleging judicial misconduct will never be addressed. For the reasons stated below, we affirm.

1

In 2009, a jury found Aguilera guilty of two counts of rape, one count of aggravated criminal sodomy, and two counts of domestic battery. The court imposed a 155-month prison sentence as a result of these convictions. Aguilera filed a direct appeal to this court; we reversed one of Aguilera's rape convictions as multiplicitous and affirmed his remaining convictions and sentence. See *State v. Aguilera*, No. 103,575, 2011 WL 2555423 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1108 (2012). The Kansas Supreme Court denied Aguilera's petition for review on February 17, 2012, and the mandate was issued on February 23, 2012.

On July 7, 2014, Aguilera filed a K.S.A. 60-1507 motion, alleging that the trial court committed misconduct when it advised the jury prior to trial that it would serve as "the conscience of our community." Aguilera acknowledged that his motion was filed outside the 1-year statute of limitations set forth in K.S.A. 60-1507(f)(1), but he claimed that manifest injustice would result if the merits of his claim were not addressed, as the court's misconduct was highly prejudicial, affected the outcome of his trial, and had not been raised on direct appeal.

The district court summarily denied Aguilera's motion, holding that he had failed to produce any evidence of manifest injustice excusing the late filing of the motion. Citing *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014), the district court concluded:

> "Upon reviewing the motion and the Court's file in Ford County Case Number
> 09-CR-68, it appears that all of the records of the case conclusively show that the
> prisoner is entitled to no relief. First, the underlying convictions resulted from the
> findings of a jury and were affirmed on appeal, so that any claims of actual innocence are
> eliminated. Further, there is no citation to any part of the record that would indicate the
> statement attributed to the presiding judge that the jurors should consider themselves 'the

conscience of the community' so overwhelmed the jurors' duty to follow their oath that they could not render a true verdict based on the evidence (and it appears that that statement was made early in the trial before the jury was actually selected). Finally, Mr. Aguilera herein has completely failed to give any reasons or justification for his delay and failure to file his petition within the one-year time limitation."

ANALYSIS

In the only issue he presents on appeal, Aguilera argues the district court erred in summarily denying his K.S.A. 60-1507 motion. He alleges, as he did below, that the trial court committed error in advising the jury prior to trial that it would serve as "the conscience of our community" and that manifest injustice would result if the merits of his claim are not addressed.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Under K.S.A. 60-1507(f)(1), a criminal defendant has 1 year from when his or her conviction becomes final to file a motion under K.S.A. 60-1507(a). The Kansas Supreme Court issued its mandate in Aguilera's direct appeal on February 23, 2012. Aguilera did not file his K.S.A. 60-1507 motion until July 7, 2014. Aguilera concedes his motion was untimely.

However, the 1-year time limitation may be extended to prevent manifest injustice. See K.S.A. 60-1507(f)(2). Manifest injustice has been interpreted in other contexts to mean obviously unfair or shocking to the conscience. *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007). The burden is on the movant in a K.S.A.

3

60-1507 action to show manifest injustice. See K.S.A. 60-1507(f)(2); *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013).

The Kansas Supreme Court recently clarified the appropriate legal standards to be employed when determining whether manifest injustice mandates an extension of time for a movant's untimely K.S.A. 60-1507 motion. In *Vontress*, our Supreme Court stated that a movant's failure to provide the reasons for the delay does not automatically exclude the late-filed motion; rather, manifest injustice must be determined based on the totality of the circumstances in each case. 299 Kan. at 616-17. The Supreme Court provided a set of nonexclusive factors for courts to consider when conducting a totality of the circumstances manifest injustice inquiry under K.S.A. 60-1507(f)(2), including: (1) persuasive reasons for failing to file a timely motion; (2) substantial legal or factual grounds indicative of a claim "deserving of the district court's consideration" on the merits; and (3) "a colorable claim of actual innocence, *i.e.*, factual, not legal innocence." 299 Kan. at 616.

Here, the district court cited *Vontress* and addressed the above factors in denying Aguilera's motion. But Aguilera argues that the court failed to properly consider the totality of the circumstances under *Vontress*.

Under the first factor, Aguilera concedes that he neglected to articulate reasons for his delayed filing. Although not fatal to Aguilera's manifest injustice claim, his failure to do so is still relevant to a totality of the circumstances analysis. Notably, the parties and the district court appear to agree that Aguilera filed his K.S.A. 60-1507 motion approximately 4 months beyond the 1-year time limitation. But the record reflects that the mandate in Aguilera's direct appeal was issued on February 23, 2012 (not 2013), making his July 7, 2014, motion well over 1 year late. Because Aguilera has not provided any reason for this delay, the first *Vontress* factor weighs against a finding of manifest injustice.

As for the second *Vontress* factor, Aguilera alleges that the substance of his judicial misconduct claim deserves the district court's consideration because a statement invoking "the conscience of our community" mantra has been held to be reversible error when it is made by a prosecutor. Aguilera's argument is without merit for multiple reasons. First, Aguilera's claim involves a trial error. A K.S.A. 60-1507 motion ordinarily cannot be used as a substitute for a second appeal involving mere trial errors. Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 272) ("Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."). Aguilera does not argue any exceptional circumstances that would justify his failure to raise the judicial misconduct issue in his direct appeal. See *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013) ("'[E]xceptional circumstances'" have been defined to include "'"unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.'"'").

Second, we do not believe Aguilera is entitled to relief based on the merits of his claim. A panel of this court rejected an identical argument in *State v. Lizama-Lazo*, No. 108,318, 2013 WL 3491290 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. 1206 (2014). There, our court held the district court judge's use of the phrase "'conscience of the community'" did not constitute judicial misconduct because, when placed in the context of a pretrial statement to the prospective jury panel, the comment merely piqued the interest of the voir dire panel as jurors and did nothing to inflame the passions or prejudices of the jurors. 2013 WL 3491290, at *4-5. Aguilera disagrees with the holding in *Lizama-Lazo*, but we are persuaded by the court's reasoning and agree with the holding. As in *Lizama-Lazo*, there is no indication here that the trial court used the phrase "conscience of our community" in order to inflame the passions or prejudices of the jurors. The trial court here made the statement during voir dire and immediately preceded the statement with a description of how the jury selection process works,

5

explaining that jurors are randomly selected to obtain as closely as possible a cross-section of the community and that those selected as jurors would serve as the conscience of the community. Because the trial court's remark did not constitute misconduct or otherwise prejudice Aguilera, his claim under the second *Vontress* factor necessarily fails.

Third and finally, Aguilera asserts that he could make a colorable claim of actual innocence. To that end, Aguilera argues that the evidence against him at trial was not completely convincing and points to the fact that one of his rape convictions was overturned on appeal. While Aguilera's K.S.A. 60-1507 motion notes his testimony at trial that he had consensual sexual relations with his wife and contains the conclusory statement that there was very little evidence supporting his rape conviction, he provides no allegations—much less evidence—to support a claim of actual innocence. In fact, it appears the evidence at trial weighed heavily against Aguilera. In addition to his wife's testimony, medical evidence and Aguilera's own statements to law enforcement provided strong support for his convictions. See *Aguilera*, 2011 WL 2555423, at *1-2. Moreover, the fact that one of Aguilera's rape convictions was reversed on appeal—on purely legal grounds—has no bearing on whether he can meet his burden to show actual innocence. See *Vontress*, 299 Kan. at 616 (defining "a colorable claim of actual innocence" as "factual, not legal, innocence"). Because Aguilera has provided nothing more than conclusory statements, he cannot demonstrate a colorable claim of actual innocence under the third *Vontress* factor.

Aguilera has failed to demonstrate the manifest injustice required to excuse the 1-year time bar on K.S.A. 60-1507 motions. As a result, the district court properly denied Aguilera's motion as untimely.

Affirmed.

6