NOT DESIGNATED FOR PUBLICATION

No. 112,830

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RUDOLFO SALINAS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed April 15, 2016. Affirmed.

*Michael P. Whalen* and *Krystle M. S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., LEBEN and BRUNS, JJ.

BUSER, J.: Rodolfo Salinas appeals the district court's summary denial of his K.S.A. 60-1507 motion. Salinas filed his motion 3 1/2 years after his direct appeal was final. The district court summarily dismissed the K.S.A. 60-1507 motion because it was untimely. Having reviewed the record and the parties' briefs, we find no error and, therefore, affirm the district court's judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2007, a jury found Salinas guilty in a consolidated trial on charges of aggravated kidnapping, aggravated assault, aggravated battery, domestic battery, and violating a protective order. The Court of Appeals affirmed the convictions on July 23, 2009, and on May 18, 2010, the Kansas Supreme Court denied review. See *State v. Salinas*, No. 99,821, 2009 WL 1911686 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1102 (2010). Salinas did not petition the United States Supreme Court for a writ of certiorari.

On December 3, 2013, Salinas filed the K.S.A. 60-1507 motion that is the subject of this appeal. Together with his K.S.A. 60-1507 motion, Salinas submitted a motion to file out of time. In the latter motion, Salinas asserted that he had only learned the Kansas Supreme Court had denied review in March 2012. Salinas stated that he had been "diligently working" on his K.S.A. 60-1507 motion ever since, but he "had great difficulty grasping the fundamental legal concepts . . . had little research time due to his prison work detail," and had limited access to computers. As a result, Salinas asked the district court to permit his untimely filing of the K.S.A. 60-1507 motion to prevent a manifest injustice.

The record does not indicate that Salinas served either of his motions on the State of Kansas. However, on January 23, 2014, the district court summarily denied the motion to file out of time and summarily dismissed the K.S.A. 60-1507 motion, both for failure to show "any manifest injustice." Salinas appeals.

## ANALYSIS

On appeal, Salinas contends he showed manifest injustice under the "corrected and clarified" standards of *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014). The State

2

agrees that *Vontress* applies here, but it maintains that Salinas has failed to show manifest injustice under the *Vontress* standards. The parties also agree that since our appellate court is "as equipped as a district court to decide" the manifest injustice issue, our review over the summary proceeding below is de novo. *Laymon v. State*, 280 Kan. 430, 437, 122 P.3d 326 (2005); see *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

In 2003, the legislature imposed time limitations on the filing of K.S.A. 60-1507 motions:

> "*Time limitations*. (1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.
> "(2) The time limitation herein *may be extended by the court only to prevent a manifest injustice.*" (Emphasis added.) K.S.A. 60-1507(f); see L. 2003, ch. 65, sec. 1.

Salinas' motion to file out of time essentially acknowledged that his K.S.A. 60-1507 motion was untimely under K.S.A. 60-1507(f)(1). The district court also considered the motion as untimely and, as a result, ruled on the issue of manifest injustice. Salinas does not dispute any of this on appeal. Given the undisputed dates and filings at issue, it is clear that Salinas' K.S.A. 60-1507 motion was filed about 2 1/2 half years after the 1-year time limitation in K.S.A. 60-1507(f)(1) expired.

The question presented on appeal, therefore, is whether the district court erred in holding Salinas had not shown manifest injustice under K.S.A. 60-1507(f)(2).

*Vontress* provides important guidance in answering this question. In *Vontress*, our Supreme Court noted precedent which defined manifest injustice as something obviously unfair or shocking to the conscience. 299 Kan. at 614. Our Supreme Court then went on

3

to hold: "Manifest injustice under K.S.A. 60-1507 must be determined under the totality of the circumstances." 299 Kan. 607, Syl. ¶ 7. To assist courts in this determination, our Supreme Court identified three nonexclusive factors for consideration:

> "(1) whether the prisoner provides persuasive reasons or circumstances that prevented him or her from filing the K.S.A. 60-1507 motion within the 1-year time limitation; (2) whether the merits of the prisoner's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) whether the prisoner sets forth a colorable claim of actual innocence." 299 Kan. 607, Syl. ¶ 8.

We will consider each of the three Vontress factors individually.

*The Reasons or Circumstances that Prevented Timely Filing*

Salinas reprises the reasons and circumstances he asserted in the district court that prevented his timely filing of the K.S.A. 60-1507 motion. First, Salinas claims he was not informed when the Kansas Supreme Court denied his petition for review on May 18, 2010. But Salinas admits that he did not file the motion for more than 20 months *after* learning of the Supreme Court's ruling. Salinas justifies the delay because he was a pro se litigant but, as the State correctly argues, pro se litigants should also comply with procedural rules. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007).

Second, Salinas claims his counsel on direct appeal was ineffective for failing to inform him when the Kansas Supreme Court denied review. Salinas did not raise this issue in the district court, however, and we generally do not consider constitutional issues for the first time on appeal. See *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). Our Supreme Court has recognized exceptions, however, *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014), and Salinas invokes two exceptions here—that his claim "involves only a question of law arising on a fully developed record of the facts at the district court level," and it "is necessary to serve the ends of justice."

4

To the contrary, Salinas' ineffective assistance of appellate counsel claim requires factual support which is missing from the record on appeal. Moreover, Salinas does not claim he would have filed his K.S.A. 60-1507 motion within 1 year of the date our Supreme Court denied review if his counsel had contemporaneously informed him of the fact. Without such a claim, Salinas does not allege prejudice under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984). Since Salinas does not allege prejudice, he is unable to show consideration of this issue is necessary to serve the ends of justice. See K.S.A. 60-2105 (appellate courts should ignore errors which "do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining").

In summary, Salinas has not shown persuasive reasons or circumstances that prevented him from filing his K.S.A. 60-1507 motion within the 1-year time limitation of K.S.A. 60-1507(f)(1).

*Whether the Merits of the Claim Raise Substantial Issues of Law or Fact*

Under this factor, we review whether the merits of Salinas' ineffective assistance of counsel claim raised substantial issues of law or fact deserving of the district court's consideration. Salinas does not brief such substantial issues of law or fact, however. Instead he briefs what he calls, "legitimate claims of ineffective assistance of counsel."

Salinas describes a "legitimate" claim as one warranting an evidentiary hearing on the merits. According to Salinas, the "issue here is not whether [he] should prevail on his [K.S.A.] 60-1507 [mo]tion but whether he ought to be given an evidentiary hearing to make his case for relief. That is a significantly narrower issue."

As a result, Salinas briefs the legal standard applied to *timely* K.S.A. 60-1507 claims. See K.S.A. 60-1507(b); Supreme Court Rule 183(f) (2015 Kan. Ct. R. Annot.

5

271); *Edgar*, 294 Kan. at 836. Yet, it is uncontroverted on appeal that Salinas' K.S.A. 60-1507 motion was untimely. To apply the same standard to both situations would eliminate the time limitations imposed by our legislature in 2003.

In *Toney v. State*, 39 Kan. App. 2d 944, 947, 187 P.3d 122, *rev. denied* 287 Kan. 769 (2008), for example, the movant argued "manifest injustice will result if this court does not remand for an evidentiary hearing because the trial court will never consider his ineffective assistance of counsel claim." This court rejected the argument because, if accepted, "we would have to remand for an evidentiary hearing every time the trial court dismisses a K.S.A. 60-1507 motion as untimely. This cannot be done as it would render the 1-year time limitation under K.S.A. 60-1507(f)(1) essentially meaningless." 39 Kan. App. 2d at 947.

Our Supreme Court in *Vontress* approved this passage from *Toney*. *Vontress*, 299 Kan. at 618. The Court then commented: "The time limitation in section (f)(1) necessarily prevents the consideration of the merits in some circumstances, *i.e.*, when there is no manifest injustice. To hold otherwise would effectively make meaningless the statute's time limit." 299 Kan. at 618.

*Vontress* and *Toney* establish that manifest injustice is not shown simply because an evidentiary hearing would have been warranted if the K.S.A. 60-1507 motion were timely filed. Since that is the position Salinas briefs, he does not show manifest injustice.

Salinas mentions several allegations of ineffective assistance of trial counsel but, upon our review, we conclude that none of them present substantial issues of law or fact. First, Salinas claims his attorney was ineffective in failing to strike a juror because the juror had "quite a few employees and friends who were victims of abuse." In a related complaint, Salinas states his attorney failed to conduct a meaningful voir dire because he "asked the entire jury panel only three questions."

6

If counsel has made a strategic decision after making a thorough investigation of the law and the facts relevant to the realistically available options, then counsel's decision is virtually unchallengeable. *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). Voir dire presents a trial attorney with innumerable opportunities for making strategic decisions. Salinas has failed to show how his attorney's strategic decision with regard to the individual juror is constitutionally infirm or that prejudice occurred as a result. With regard to Salinas' claim that his attorney only asked three questions of the jury panel, our review of the voir dire shows that defense counsel extensively questioned the jury panel about both legal concepts and biographical matters. In this regard, Salinas' claim is without a factual basis.

Second, Salinas asserts his counsel "was ineffective when he failed to [investigate or] present the defense of involuntary intoxication" and did not present an expert witness in support of this defense. Yet, Salinas wholly fails to explain why this defense was factually or legally appropriate, let alone a substantial issue. A point incidentally raised in a brief and not argued therein is deemed waived or abandoned. *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013).

Third, on appeal, Salinas claims ineffectiveness because his attorney "failed to investigate and subpoena the EMT who aided Ms. Lawrence," the victim. Salinas states that "Lawrence informed the EMT that her black eye occurred prior to the incident as opposed to during the incident as she later claimed." As noted by the State, "[a] review of the motion, however, shows that [Salinas] merely noted that the EMT *speculated* that the injury occurred before the incident with movant; in other words, there was no allegation that the victim herself said that the injury was not caused by [Salinas]." Once again, we question the factual basis for Salinas' claim on appeal. We also note that in his K.S.A. 60-1507 motion, Salinas candidly acknowledged that the lack of testimony from the EMT "may not show enough prejudice to warrant a new trial."

Finally, Salinas complains that his trial attorney "failed to discredit [Lawrence] on cross-examination regarding her inconsistent statements, utilize past criminal history to impeach her credibility, and inquire about her alcohol and drug use." Upon our review, however, defense counsel's cross-examination of Lawrence was lengthy, thorough, and effective, including questions regarding her alcohol use. Moreover, Salinas has not provided us with any of Lawrence's prior convictions or shown how they were admissible at trial to impeach her credibility.

In summary, Salinas has failed to make a sufficient showing that the merits of the claims made in his K.S.A. 60-1507 motion are substantial in law or fact.

*Colorable Claim of Actual Innocence*

Salinas identifies two assertions from the K.S.A. 60-1507 motion which he says, "would support claims that [he] was factually innocent [of] some of his crimes of conviction." The first assertion relates to the EMT testimony previously discussed. The second relates to Salinas' testimony at trial that Lawrence taped her own wrists and feet. But, Salinas does not explain his assertions, identify the crimes in question, cite authority on actual innocence, or explain how his assertions meet that standard. We conclude Salinas has waived or abandoned this factor as well. See *Llamas*, 298 Kan. at 264 (points raised incidentally are waived or abandoned); *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013) (points raised without supporting authority are waived or abandoned).

In conclusion, having considered the *Vontress* factors in light of the totality of circumstances, we hold the district court did not err in summarily denying the motion to file out of time and summarily dismissing the K.S.A. 60-1507 motion. Salinas does not show anything obviously unfair or shocking to the conscience. He therefore does not show manifest injustice as required to extend the 1-year time limitation of K.S.A. 60-1507(f)(2).

8

Affirmed.