No. 102,904

Damon Vontress, *Appellant*, v. State of Kansas, *Appellee*.

(325 P.3d 1114)

Opinion filed May 30, 2014.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the brief for appellant.

*Julie A. Koon,* assistant district attorney, argued the cause, and *Nola Tedesco Foulston,* district attorney, and *Steve Six,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

Nuss, C.J.: Damon Vontress contends the district court and Court of Appeals both erred in denying his motion for habeas relief as untimely under K.S.A. 60-1507(f). While admitting his motion was untimely filed after the 1-year limit in K.S.A. 60-1507(f)(1), Vontress argues the summary denial of his motion caused "a manifest injustice" which entitled him to an extension of the time limit under K.S.A. 60-1507(f)(2). Both lower courts rejected this argument with varying rationales. We granted review to clarify the manifest injustice standard in K.S.A. 60-1507(f)(2).

We conclude a prisoner's failure to provide the reasons for the delay does not automatically exclude the late-filed motion. Rather, manifest injustice must be determined based on the totality of the circumstances in each case. But because there was no manifest injustice established under the totality of the circumstances here, we affirm the denial of Vontress' motion.

## FACTS AND PROCEDURAL BACKGROUND

A jury convicted Vontress of first-degree murder, aggravated robbery, aggravated battery, and criminal possession of a firearm. The district court imposed a mandatory 40-year prison sentence

for the murder conviction and consecutive sentences of 78 months, 41 months, and 8 months for the remaining counts. On direct appeal, we concluded that the convictions for aggravated robbery and aggravated battery were multiplicitous and reversed the conviction for the latter. We otherwise affirmed. See *State v. Vontress*, 266 Kan. 248, 257, 970 P.2d 42 (1998).

Ten years after this court's decision, Vontress filed the present motion for habeas relief under K.S.A. 60-1507, asserting Kansas law on premeditation is unconstitutional. The State responded Vontress' motion was untimely and therefore barred by K.S.A. 60-1507(f). The district court conducted a nonevidentiary hearing at which it denied the motion. Its journal entry provides in relevant part:

"2. In the instant motion, movant asserts Kansas law is unconstitutional. He specifically contends, 'Kansas Law on Premeditation is itself unconstitutional' and he cites various cases dating back to 1887.

"3. Movant is not entitled to relief because his motion is untimely. [Citation omitted.] The motion is untimely because his direct appeal was final in 1998 and he fails to show that manifest injustice justifies review of his motion. [Citation omitted.] Notably, the basis of his attack is caselaw dating from 1887 and he has not provided any indication or suggestion that justifies him waiting ten years to attack Kansas law.

. . . .

"6. The motions, files and records conclusively show the movant is not entitled to the relief requested."

The Court of Appeals affirmed the district court's denial solely because Vontress failed to allege "any circumstances [that] prevent[ed] him from [timely] filing his motion." *Vontress v. State*, 45 Kan. App. 2d 430, 433, 249 P.3d 452 (2011). Because Vontress failed to justify the untimeliness of his motion, the panel majority concluded that he had failed to show manifest injustice under K.S.A. 60-1507(f)(2) allowing him to proceed. Consequently, the panel did not consider whether the underlying merits of Vontress' motion—Kansas law on premeditation is unconstitutional which invalidated his murder conviction—demonstrated a manifest injustice sufficient to extend the 1-year time limitation of K.S.A. 60-1507(f)(1).

Judge Leben's concurring opinion argued the majority's interpretation of manifest injustice in K.S.A. 60-1507(f)(2) is too narrow. He concluded his colleagues erred in refusing to consider the merits of Vontress' argument because a motion's merits could establish manifest injustice in some circumstances, *e.g.*, an inmate showing actual innocence. But Judge Leben concurred in the majority's result because Vontress "presented neither a reason for his delayed filing nor a potentially valid claim." 45 Kan. App. 2d at 433. We granted Vontress' petition for review, obtaining jurisdiction under K.S.A. 60-2101(b).

## ANALYSIS

Issue: *The Court of Appeals panel majority incorrectly interpreted the manifest injustice standard set out in K.S.A. 60-1507(f)(2).*

K.S.A. 60-1507(a) authorizes certain prisoners to file a motion attacking their sentence. It states in part: "A prisoner . . . may, *pursuant to the time limitations imposed by subsection (f)*, move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added.) The time limitation imposed by subsection (f) provides:

"Time limitations. (1) Any action under this section *must be brought within one year* of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

"(2) The time limitation herein may be extended by the court *only to prevent a manifest injustice*." (Emphasis added.)

Because Vontress' convictions were final before the effective date of K.S.A. 60-1507(f)(1), he had until June 30, 2004, to timely file a motion. See *Tolen v. State*, 285 Kan. 672, 674, 176 P.3d 170 (2008). Vontress did not file his motion until November 10, 2008, more than 4 years after the deadline.

In attacking the panel majority's opinion, Vontress argues that K.S.A. 60-1507(f)(2) does not require a movant to explain the reasons for filing an untimely motion. Rather, he contends that because there are no other avenues through which he may pursue his constitutional claims, justice demands that he be heard regard-

less of the time limitation. Accordingly, the court's manifest injustice inquiry requires consideration of the merits of the motion.

The State responds that the manifest injustice inquiry is limited to the reasons for delay. In support, it cites federal caselaw requiring habeas petitioners under 28 U.S.C. § 2255 (2012) to show extraordinary circumstances caused the delay to qualify for equitable tolling of the statute's 1-year limit.

At oral argument before this court, we asked counsel whether the general timeliness rule for civil actions in K.S.A. 2013 Supp. 60-206(b)(1)(B) applies to untimely 60-1507 motions. Specifically, we questioned whether a habeas movant must comply with both 60-1507(f) and 60-206(b)(1)(B). Both counsel were uncertain how the two provisions interact. But the State later filed a letter of additional authority under Supreme Court Rule 6.09(b) (2013 Kan. Ct. R. Annot. 50) contending that 60-206(b)(1)(B) does not apply to 60-1507 motions.

*Standard of review*

This case requires us to interpret K.S.A. 60-1507(f). Statutory interpretation is a question of law, and this court's review is unlimited. *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013). Accordingly, we are not bound by the lower courts' interpretation. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). When interpreting statutes, we are mindful that

" ' "[t]he fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there." *Zimmerman v. Board of Wabaunsee County Comm'rs*, 289 Kan. 926, Syl. ¶ 3, 218 P.3d 400 (2009).' [Citation omitted.]" *Holt*, 298 Kan. at 474.

Stated another way, the best and only safe rule for ascertaining the intention of the makers of any written law is to abide by the language they have used. See *Gannon v. State*, 298 Kan. 1107, 1142, 319 P.3d 1196 (2014) (citing *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]). And when legislative intent cannot be readily understood from the plain language of the statute, this court

may employ other methods of statutory construction. 298 Kan. at 474.

*Discussion*

*K.S.A. 60-1507(f) alone controls whether a 60-1507 motion is timely.*

Before beginning our interpretation of the manifest injustice standard of K.S.A. 60-1507(f), we consider whether K.S.A. 2013 Supp. 60-206(b)(1)(B) has any bearing on untimely 60-1507 motions. Generally, we do not consider issues raised for the first time at oral argument. But we have authority to address any we have raised there on our own. *Tolen,* 285 Kan. at 675.

An action filed under K.S.A. 60-1507 is a separate civil action that is generally governed by the Kansas Rules of Civil Procedure, K.S.A. 60-201 *et seq.* See *State v. Berreth,* 294 Kan. 98, 111, 273 P.3d 752 (2012); Supreme Court Rule 183(a)(1) (2013 Kan. Ct. R. Annot. 278). And K.S.A. 2013 Supp. 60-206(b)(1)(B) sets forth the general timeliness rule for civil actions, providing in part:

"(b) *Extending time.* (1) *In general.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

. . . .

(B) on motion made after the time has expired if the party failed to act because of excusable neglect." (Emphasis added.)

Our Rule 183 governs the particular procedure for K.S.A. 60-1507 motions and provides in relevant part: "The procedure on a motion under K.S.A. 60-1507 is governed by the rules of civil procedure, K.S.A. 60-201 *et seq., to the extent the rules are applicable."* (Emphasis added.) Supreme Court Rule 183(a)(2) (2013 Kan. Ct. R. Annot. 278). So despite the general rule that K.S.A. 60-1507 motions are governed by the Kansas Rules of Civil Procedure, the plain language of Rule 183 provides that those rules will not always control.

Consequently, we have recognized that some provisions in the rules of civil procedure do not apply to 60-1507 motions. See, *e.g., State v. Mitchell,* 297 Kan. 118, Syl. ¶ 1, 298 P.3d 349 (2013) (criminal defendant could not rely on K.S.A. 2012 Supp. 60-260(b)—a statute authorizing relief from a final judgment or order

in a civil action—to mount collateral attack on convictions and sentence); *Pabst v. State*, 287 Kan. 1, 22-24, 192 P.3d 630 (2008) (liberal rules in K.S.A. 60-215[a] for amending pleadings do not apply to K.S.A. 60-1507 motions). So the general timeliness rule of K.S.A. 2013 Supp. 60-206 does not necessarily apply to 60-1507 motions.

Also relevant to our analysis is our longstanding rule that a specific statute controls over a general one when the relevant provisions overlap. See *State v. Turner*, 293 Kan. 1085, 1088, 272 P.3d 19 (2012) (citing *State v. Chavez*, 292 Kan. 464, 466, 254 P.3d 539 [2011]). As we explained in Turner:

" ' "It is a cardinal rule of law that statutes complete in themselves, relating to a specific thing, take precedence over general statutes or over other statutes which deal only incidentally with the same question, or which might be construed to relate to it. Where there is a conflict between a statute dealing generally with a subject, and another dealing specifically with a certain phase of it, the specific legislation controls in a proper case. [Citations omitted.]" ' " 293 Kan. at 1088 (quoting *Cochran v. Kansas Dept. of Agriculture*, 291 Kan. 898, 907, 249 P.3d 434 [2011]).

The statutes, K.S.A. 60-1507(f) and K.S.A. 2013 Supp. 60-206(b), overlap as they both provide rules for when a court may consider an untimely motion. Under the plain language of K.S.A. 60-1507(f), it applies only to untimely habeas motions. See K.S.A. 60-1507(f)(2) ("The time limitation herein may be extended by the court only to prevent a manifest injustice.") (Emphasis added.); K.S.A. 60-1507(a) (motions to be filed "pursuant to the time limitations imposed by subsection [f]"). On the other hand, K.S.A. 2013 Supp. 60-206(b) is general, providing rules for any "act [that] may or must be done within a specified time."

Accordingly, we conclude the general rule in K.S.A. 2013 Supp. 60-206(b) does not apply in the habeas context. We read K.S.A. 60-1507(f) as the legislature's complete expression of the relevant timeliness requirements for 60-1507 motions. So the 1-year time limitation and the exception for manifest injustice found in K.S.A. 60-1507(f) are the only relevant timeliness rules applicable to 60-1507 motions.

But before turning to whether Vontress has sufficiently demonstrated manifest injustice to overcome the otherwise untimely filing of his 60-1507 motion, we must first determine what is required for such a showing.

*Manifest injustice must be determined under the totality of the circumstances.*

We have said that manifest injustice in the habeas context means " ' "obviously unfair" ' " or " ' "shocking to the conscience." ' " *Holt*, 298 Kan. at 480 (quoting *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 [2011] [quoting *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007)]). The parties agree. But they disagree about what a court may consider in determining manifest injustice for extending the 1-year time limitation. Vontress argues that the standard contemplates the merits of a 60-1507 motion, while the State contends that it is limited to the reasons for delay.

Kansas appellate courts have been inconsistent in interpreting the language from K.S.A. 60-1507(f)(2): extend the time limit "only to prevent a manifest injustice." Like the Court of Appeals panel majority in this case, most panels have focused on the reason for delay. See, *e.g.*, *Toney v. State*, 39 Kan. App. 2d 944, 947, 187 P.3d 122, *rev. denied* 287 Kan. 769 (2008); *Hines v. State*, No. 109,054, 2013 WL 5925969, at *3 (Kan. App. 2013) (unpublished opinion); *Reich v. State*, No. 106,191, 2012 WL 3135899, at *3 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1247 (2013). The panel majority relied upon *Toney* for its holding.

The panel in *Toney* concluded that a prisoner claiming manifest injustice must show "circumstances that *prevented* him from asserting his claim before the 1-year time limitation . . . expired." (Emphasis added.) 39 Kan. App. 2d at 947. This approach is consistent with the one advocated by the State. But it conflicts with caselaw from this court interpreting manifest injustice in terms of both the reasons for delay and the merits of the claim. See *Pabst*, 287 Kan. at 26 (rejecting a claim of manifest injustice both because the movant "failed to explain the delay" in filing an amended motion under 60-1507 and on the merits of his claim).

The State urges us to rely upon caselaw interpreting federal habeas statutes because "K.S.A. 60-1507 follows the language of [28 U.S.C. § 2255], and the body of law developed thereunder should be given great weight in construing K.S.A. 60-1507." *Easterwood v. State*, 273 Kan. 361, 371, 44 P.3d 1209, *cert. denied* 537 U.S. 951 (2002). But *Easterwood* predates the 2003 amendment to K.S.A. 60-1507 which added the 1-year time limitation. And 28 U.S.C. § 2255 does not contain the "manifest injustice" exception of K.S.A. 60-1507(f)(2). See 28 U.S.C. § 2255(f) (2012) ("A 1-year period of limitation shall apply to a motion under this section."); see also 28 U.S.C. § 2244(d)(1) (2012) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

Instead of extending the habeas petitioners' time to file to prevent a manifest injustice, federal courts sometimes permit equitable tolling of the 1-year time limitation to allow petitions that are otherwise untimely. *Holland v. Florida*, 560 U.S. 631, 644-45, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied* 525 U.S. 891 (1998). A prisoner seeking equitable tolling in federal court " 'bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.' [Citation omitted.]" *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011).

In its brief, the State implies that a showing of extraordinary circumstances for equitable tolling is limited to pleading facts or reasons explaining why a movant failed to bring a claim within the 1-year time limitation. And it is true that federal courts generally examine the reasons why the prisoner failed to timely file a habeas petition in determining whether extraordinary circumstances exist. See, *e.g.*, *Yang v. Archuleta*, 525 F.3d 925, 927 (10th Cir. 2008) (lack of English language proficiency); *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (attorney negligence).

But despite the typical emphasis on the reasons a federal habeas petition was filed beyond the time limits, in some circumstances a court may equitably toll the limits based on the merits of a petitioner's claim. See, *e.g.*, *Gibson v. Klinger*, 232 F.3d 799, 808 (10th

Cir. 2000). There, the Tenth Circuit reasoned that "[e]quitable tolling would be appropriate, for example, *when a prisoner is actually innocent*, [citation omitted], when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period, [citation omitted]." 232 F.3d at 808. And after oral argument in the instant case, the United States Supreme Court recognized that actual innocence, if proved, is grounds for an equitable exception to the time limitation in 28 U.S.C. § 2244(d) even where the prisoner does not satisfy the standard for equitable tolling. See *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1931-32, 185 L. Ed. 2d 1019 (2013).

The federal approach is more similar to the one advocated by Judge Leben in his concurring opinion than the limited approach the State urges us to adopt. In concluding that the majority's holding too narrowly defined manifest injustice, he wrote: "If a person can show actual innocence, for example, I would not leave him or her in prison even if that person failed for unexplained reasons to meet the 1-year time limit." *Vontress*, 45 Kan. App. 2d at 433. We agree that a prisoner under these circumstances would suffer a manifest injustice to extend the time limit regardless of the reasons, if any, for the delay in filing the 60-1507 motion.

Accordingly, courts conducting a manifest injustice inquiry under K.S.A. 60-1507(f)(2) should consider a number of factors as a part of the totality of the circumstances analysis. This nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence.

All of the factors considered under the totality of the circumstances need not be given equal weight, and no single factor is dispositive. See *State v. Thompson*, 284 Kan. 763, 803-04, 166 P.3d 1015 (2007) ("Consistent with a consideration of the totality of

circumstances, no one factor can be legally dispositive."); see also *State v. Murphy*, 296 Kan. 490, 493, 293 P.3d 703 (2013) (determining whether a police encounter is voluntary); *State v. Sharp*, 289 Kan. 72, 81, 210 P.3d 590 (2009) (determining whether confession is voluntary).

So a movant's failure to address other reasons why imposition of the 1-year time limitation is a manifest injustice is not necessarily fatal to the movant's claim. But because the burden is on the movant in a 60-1507 action, failing to plead excuses for the filing delay may result in a greater risk that the movant's claim will be dismissed as untimely. See *Holt*, 298 Kan. at 480 (citing *Kelly*, 291 Kan. at 873 [movant has burden to show manifest injustice]).

With the standard thus clarified, we now turn to whether Vontress has shown manifest injustice under a totality of the circumstances for extending the 1-year time limitation.

*Vontress' motion is time-barred because he has failed to show an extension of the 1-year time limitation in K.S.A. 60-1507(f)(2) is necessary to prevent a manifest injustice under the totality of the circumstances.*

The district court arguably made a totality of the circumstances determination in rejecting Vontress' manifest injustice argument. It held: "Notably, the basis of his attack is caselaw dating from 1887 *and* he has not provided any indication or suggestion that justifies him waiting ten years to attack Kansas law." (Emphasis added.) And it further held: "The motions, files and records conclusively show the movant is not entitled to relief." But the panel majority interpreted the standard in K.S.A. 60-1507(f)(2) too narrowly and made dispositive Vontress' failure to show reasons for the delay. Both approaches require a fuller exposition.

Vontress alleges in his motion that Kansas law on premeditation violates the United States Constitution's Fourteenth Amendment guarantees of equal protection and substantive due process. He also argues that the legislature's failure to define, and this court's act of defining, the element of premeditation violates the separation of powers doctrine.

Vontress asserts that his motion qualifies for an extension of time under K.S.A. 60-1507(f)(2) because the merits of his claims satisfy the manifest injustice requirement. He emphasizes that a 60-1507 motion is the only avenue by which his constitutional claims may be considered, and manifest injustice necessarily occurs when the merits of a movant's time-barred claim will never be considered by a court. All of the lower courts' judges correctly found he provided no justification or reason for his failure to file a timely 60-1507 motion. Nor does he present any additional issues or arguments that might factor into our analysis. So the merits necessarily form the primary basis of our inquiry in this case. See *Holt*, 298 Kan. at 480 (movant has burden to show manifest injustice).

While the merits are relevant under the totality of the circumstances inquiry, we reject the notion that simply time barring their consideration establishes manifest injustice per se. As the Court of Appeals correctly observed in *Toney*, accepting this argument would "render the 1-year time limitation under K.S.A. 60-1507(f)(1) essentially meaningless." 39 Kan. App. 2d at 947. The time limitation in subsection (f)(1) necessarily prevents the consideration of the merits in some circumstances, *i.e.*, when there is no manifest injustice. To hold otherwise would effectively make meaningless the statute's time limit. See *Gannon v. State*, 298 Kan. at 1146 (quoting *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, 631, 132 P.3d 870 [2006] [" 'There is a presumption that the legislature does not intend to enact useless or meaningless legislation.' "]).

Here, the merits of Vontress' claims do not warrant an extension of the time limit to prevent manifest injustice. He does not raise a colorable claim of actual innocence, nor does he raise any other factual issues. Instead, he raises two purely legal arguments without explaining how they apply to the facts of his case. And these legal arguments alone are insufficient to constitute a manifest injustice.

This court has previously rejected a claim similar to Vontress' that the first-degree murder statute is unconstitutionally vague. See *State v. Brown*, 280 Kan. 898, 899-900, 127 P.3d 257 (2006). And as Judge Leben noted in his concurrence, the Court of Appeals also rejected arguments that were essentially identical to Vontress'

in *Washington v. State*, No. 100,657, 2009 WL 3082582 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1105 (2010). The *Washington* panel first held that the separation of powers doctrine inherent in the Kansas Constitution did not prevent the court from interpreting the meaning of premeditation. 2009 WL 3082582, at *3 (defining "premeditation" is an exercise of judicial power to interpret a statute, not the legislative function of creating new law). It also held the movant did not have standing to challenge Kansas premeditation law on equal protection or substantive due process grounds because he had failed to show the law as applied to him was unconstitutional. 2009 WL 3082582, at *5 (citing *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 761, 189 P.3d 494 [2008] [standing requires causal connection between injury and challenged conduct]).

Because Vontress has failed to provide any additional facts or circumstances that would distinguish his situation, we cannot conclude his claims are meritorious. So we conclude that he has failed to meet his burden of showing manifest injustice under the totality of the circumstances to extend the 1-year time limitation. We affirm the district court to the extent it applied this test in conducting its analysis and affirm the panel's majority opinion as reaching the right result for a different reason. See *State v. May*, 293 Kan. 858, 869-70, 269 P.3d 1260 (2012) (trial court's reason for ruling immaterial if correct for any reason). Consequently, Vontress' motion is time-barred because it was filed after expiration of the 1-year time limitation in K.S.A. 60-1507(f)(1).

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.