NOT DESIGNATED FOR PUBLICATION

No. 114,115

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MITCHELL EBIHARA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Kearny District Court; MICHAEL L. QUINT, judge. Opinion filed October 28, 2016. Affirmed.

*Janine Cox* and *Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Kenny Estes*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and WILLIAM S. WOOLLEY, District Judge, assigned.

*Per Curiam*: Mitchell Ebihara, who is incarcerated at the El Dorado Correctional Facility, appeals from the district court's decision summarily dismissing his K.S.A. 60-1507 motion. Because Ebihara did not file his K.S.A. 60-1507 motion within a year of the termination of appellate jurisdiction, he must establish that manifest injustice would occur if his motion is not considered on the merits. K.S.A. 60-1507(f). As the district court found, Ebihara fails to demonstrate manifest injustice as that term is defined by Kansas statutes and caselaw. Thus, we affirm the district court's decision to summarily dismiss Ebihara's K.S.A. 60-1507 motion.

1

On October 13, 2009, Ebihara was charged in Kearny County Case No. 09CR41 with aggravated robbery, battery against a correctional officer, aggravated escape from custody, criminal threat, and theft. On July 7, 2010, the parties participated in mediation. As a result, a plea agreement was reached in that case as well as in Case No. 09CR08 in which Ebihara was also a defendant. In 09CR08, Ebihara agreed to plead guilty to aggravated battery and discharge of a firearm at an occupied dwelling in exchange for dismissal of the four other charges. In 09CR41, Ebihara agreed to plead guilty to battery of a correctional officer and aggravated escape from custody in exchange for dismissal of the three other charges. The parties also agreed to recommend a total combined 348-month prison sentence for both cases.

On October 5, 2010, after denying Ebihara's motion to withdraw his plea, the district court sentenced him to the 348 months of imprisonment agreed to by the parties. At sentencing, the district court informed Ebihara of his right to appeal within 14 days. However, Ebihara did not file a direct appeal.

In December 2013, Ebihara filed a motion to correct illegal sentence but withdrew it on April 21, 2014. The same day, Ebihara filed a K.S.A. 60-1507 motion seeking relief from his conviction in 09CR41. In the last sentence of his motion, Ebihara asked the district court to set aside his convictions "to correct manifest injustice."

On May 6, 2014, the district court appointed an attorney to represent Ebihara on his K.S.A. 60-1507 motion. The record reflects that on December 15, 2014, Ebihara's attorney sent a letter to the district judge, which addressed his claim of manifest injustice. Nevertheless, the district court ultimately dismissed Ebihara's K.S.A. 60-1507 motion in this case—as well as a second K.S.A. 60-1507 motion he had filed—without a hearing. Specifically, the district court found that the motions were untimely filed and there was

2

no basis to find manifest injustice required extending the time limitation for filing. Thereafter, Ebihara timely appealed.

ANALYSIS

On appeal, Ebihara contends that the district court erred when it summarily dismissed his K.S.A. 60-1507 motion. We have unlimited review over a district court's dismissal of an untimely filed K.S.A. 60-1507 motion for failure to meet the manifest injustice threshold. See *Vontress v. State*, 299 Kan. 607, 616-18, 325 P.3d 1114 (2014). Similarly, on review of a district court's summary denial of a K.S.A. 60-1507 motion, we conduct de novo review to determine whether the motions, files, and records of the case conclusively establish that the movant is not entitled to relief. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

In *Vontress*, the Kansas Supreme Court set forth the following factors to be considered in determining whether there has been manifest injustice:

"This nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." *Vontress*, 299 Kan. at 616.

Subsequently, the Kansas Legislature amended K.S.A. 60-1507(f) effective July 1, 2016, to include the following language:

"For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not

3

that no reasonable juror would have convicted the prisoner in light of new evidence." L. 2016, ch. 58, § 2.

Because the parties did not have the benefit of the statute when arguing manifest injustice at the district court level, we will examine this case under the factors set forth in *Vontress*.

In the present case, Ebihara does not explain why he could not have timely filed his K.S.A. 60-1507 motion. Likewise, he does not make a colorable claim of actual innocence. Instead, he argues only that his motion contained substantial allegations of ineffective assistance of counsel to warrant a hearing on the motion. We do not find that this is sufficient to establish manifest injustice to excuse his failure to file his K.S.A. 60-1507 motion in a timely manner.

Because Ebihara's motion was untimely, he needed to show more than simply a possibility of a meritorious claim. Instead, he needed to show that the merits of his claim involved "substantial issues of law or fact deserving of the district court's consideration." *Vontress*, 299 Kan. at 616. In addition, as the Kansas Supreme Court has held, to establish manifest injustice in a habeas corpus case one must show—under the totality of the circumstances—that the action taken was "obviously unfair" or "shocking to the conscience." *Vontress*, 299 Kan. at 614. Here, Ebihara has shown neither.

While the underlying merits of the motion are relevant under the totality of the circumstances analysis, to allow a movant to establish manifest injustice simply by alleging the possibility of relief would render the 1-year time limitation for K.S.A. 60-1507 motions to be essentially meaningless. *Vontress*, 299 Kan. at 618.

We, therefore, conclude that Ebihara has failed to show that the district court should have extended the time limitation in K.S.A. 60-1507(f) to prevent a manifest

4

injustice. Accordingly, the district court did not err in summarily dismissing Ebihara's K.S.A. 60-1507 motion.

Affirmed.