Johnson, J., concurring in part and dissenting in part:
I agree with the majority's determination that the 2016 amendments to K.S.A. 60-1507 do not apply retroactively and that the Vontress test applies in this case. But I do not find that holding to be critical to this case, because, in my view, the defendant meets either test. Consequently, I agree that the rulings of the Court of Appeals and the district court must be reversed and that the case must be remanded to the district court. But because I find the record sufficient for me to discern a manifest injustice, I would remand for the district court to conduct an evidentiary hearing on the merits of Stephen D. White's motion.
Both the amended statutory provisions and the Vontress test permit a district court to consider the reasons a K.S.A. 60-1507 movant did not meet the one-year limitation. Vontress v. State , 299 Kan. 607, 616, 325 P.3d 1114 (2014). Of course, in order to file a motion within a limitation period, the movant needs to know when the limitation period begins to run and the length of the period. It is manifestly unjust to expect defendants to intuitively know when their K.S.A. 60-1507 clock begins to tick. See Supreme Court Rule 7.03(b)(1)(A) (2018 Kan. S. Ct. R. 44) (describing multiple different events triggering when the appellate court's mandate will issue); Supreme Court Rule 7.03(b)(1)(B) (2018 Kan. S. Ct. R. 45) ("The court may shorten or extend the time for issuing the mandate."). The majority intimates that the event triggering the one-year period can vary, noting that here "the time was measured from the date of the Court of Appeals mandate in [White's] direct appeal." Op. at 722. And the majority acknowledges that the evidence in the record before us is "undisputed" that White did not possess that knowledge; both White's testimony and his appellate attorney's affidavit establish that White was not advised when the mandate was issued. Moreover, it is clear that the attorney did not identify the mandate as a clock-starting event or advise White of the length of the K.S.A. 60-1507 limitation period.
Denying a person a significant legal process based on untimeliness, when the person's legal representative did not advise him or her when the limitation period would commence or how long it would last, shocks my conscience. Appellate counsel's belief that he sent White a letter, advising that the appeal had been unsuccessful, is simply a red herring. It proves nothing with respect to the K.S.A. 60-1507 limitation period.
*733 Although the foregoing is enough, the majority describes additional reasons in support of manifest injustice. The district court was simply wrong in finding that White did not claim to be innocent. Further, the claims of error were at least colorable. I perceive of no way in which I could vote to uphold a district court ruling on remand that White had not established the manifest injustice which would permit him to proceed with his 60-1507 motion. Accordingly, I dissent from the majority's remand directions.