NOT DESIGNATED FOR PUBLICATION

No. 118,704

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALVIN F. HOUSTON III,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Coffey District Court; PHILLIP M. FROMME, judge. Opinion filed October 26, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Christopher Phelan*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN, J., and ROBERT J. FREDERICK, District Judge, assigned.


PER CURIAM: A defendant has one year from the date a conviction becomes final to file a motion under K.S.A. 2017 Supp. 60-1507(f)(1). The one-year time limitation for bringing an action may be extended by the district court only to prevent a manifest injustice. K.S.A. 2017 Supp. 60-1507(f)(2).

Alvin F. Houston III filed a 60-1507 motion in excess of one year after his conviction was final. The district court summarily dismissed Houston's motion finding that he failed to show manifest injustice would exist if the motion was not heard. But

1

instead of applying the definition of manifest injustice set forth in statute that was in effect at the time of its ruling, the district court applied an older definition derived from the Supreme Court's decision in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014). Houston appeals arguing that the case should be remanded so that the district court applies the test as set out in the recently amended K.S.A. 2017 Supp. 60-1507(f)(2)(A), which adopted two *Vontress* factors while excluding the third. We find that although the district court considered more factors than were necessary, it did consider the factors set out in Kansas statute. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Houston, pleaded no contest to aggravated criminal sodomy of a child under the age of 14 while he was over the age of 18, after having previously been convicted of a similar crime. The court sentenced Houston to life in prison with possibility of parole after 40 years and lifetime parole. Houston did not file a direct appeal.

Subsequently, Houston filed a pro se motion for correction of sentence. The motion was denied and he appealed the denial. In July 2015, the Kansas Supreme Court affirmed Houston's sentence, which brings us to the case currently before this court.

In October 2016, Houston filed a 60-1507 motion. Houston argued his sentence was illegal because the district court did not fully pronounce his sentence at the hearing; that his counsel was ineffective for failing to investigate or interview State witnesses; and that the district court illegally sentenced him to postrelease supervision. Houston stated that he was a lay person "ignorant of the complications involved in proceedings of criminal law" which was why he had not previously raised his arguments.

The district court summarily dismissed Houston's motion as untimely because Houston was unable to show manifest injustice. The district court considered whether

2

Houston showed manifest injustice under the three recognized *Vontress* factors. First, the district court noted that Houston did not provide any reason that prevented him from filing his motion within the one-year time limit. Second, the district court reasoned that Houston did not raise a colorable claim of actual innocence or factual issues with merit. Finally, the court held that there were no substantial issues of fact or law which required an evidentiary hearing. Houston appeals the district court's order.

ANALYSIS

When the district court summarily denies a 60-1507 motion, as it did here, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

On appeal, Houston argues that the district court applied an erroneous test to determine whether Houston showed that manifest injustice existed which would allow his motion to be filed out of time. Specifically, Houston argues that a 2016 amendment to K.S.A. 60-1507 changed what factors the district court can consider and that the district court relied on incorrect factors.

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 2017 Supp. 60-1507(f)(1). The one-year time limitation for bringing an action under K.S.A. 2017 Supp. 60-1507 may be extended by the district court only to prevent a manifest injustice. K.S.A. 2017 Supp. 60-1507(f)(2). Manifest injustice must be determined from the totality of the circumstances. *Vontress*, 299 Kan. at 616. In determining whether manifest injustice exists in motions filed *prior* to July 1, 2016, the court should consider this nonexhaustive list of factors: (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the time limitation; (2) the merits of the movant's claims raise substantial

3

issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, i.e., factual, not legal, innocence. See *White v. State*, 308 Kan. 491, Syl. ¶¶ 1-2, 421 P.3d 718 (2018); *Vontress*, 299 Kan. 607, Syl. ¶ 8.

After the Kansas Supreme Court's decision in *Vontress*, the Kansas Legislature amended K.S.A. 60-1507(f). L. 2016, ch. 58, § 2. The amendment removed the district court's ability to consider the second *Vontress* factor (the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration) when considering whether a movant established manifest injustice. *White*, 308 Kan. at 496-97. The Kansas Supreme Court held that the amendment did not apply retroactively. So for motions filed *before* July 1, 2016, the *Vontress* factors apply. *White*, 308 Kan. 491, Syl. ¶¶ 1-2. Houston's motion was filed *after* July 1, 2016, so the statutory factors were clearly the factors that the court was required to apply (why the prisoner failed to file within one year and whether the prisoner makes a colorable claim of actual innocence). K.S.A. 2017 Supp. 60-1507(f)(2)(A). But contrary to Houston's assertion, the consideration of the one additional factor required by *Vontress* did not render the district court's decision erroneous.

The district court was required to consider why Houston failed to file the motion within the one-year time limitation and whether he made a colorable claim of actual innocence. K.S.A. 2017 Supp. 60-1507(f)(2)(A). The district court considered each of these factors, rejecting both.

First, the district court stated that Houston failed to provide any reason preventing him from filing his motion within the one-year time limit. Houston's only reason for late filing is that he was a lay person who was ignorant of the legal requirements. But "Kansas' caselaw shows that ignorance of the law is not a valid reason to delay filing a K.S.A. 60-1507 motion." *Gholston v. State*, No. 116,114, 2017 WL 4558230, at *4 (Kan.

4

App. 2017) (unpublished opinion), *rev. granted* September 6, 2018, *abrogated on other grounds by White*, 308 Kan. 491.

As for the second factor the district court could consider, the court correctly stated Houston did not raise a colorable claim of actual innocence. Without raising *any* claim of actual innocence, there is no way Houston could have raised a colorable claim of actual innocence. See K.S.A. 2017 Supp. 60-1507(f)(2)(A).

Granted, the district court considered a third unnecessary factor in its analysis—the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration. But it also rejected that claim, so any error in its consideration was harmless.

Because the district court addressed the proper factors in reaching its decision and did not err in its ultimate conclusion, there is no need to remand this case for application of K.S.A. 2017 Supp. 60-1507(f)(2).

Affirmed.