NOT DESIGNATED FOR PUBLICATION

No. 119,292

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SAUL ARTHUR MILLER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed April 5, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., BUSER and STANDRIDGE, JJ.

PER CURIAM: Saul Arthur Miller appeals the district court's summary dismissal of his motion for habeas corpus relief. Miller was convicted in 2007 of rape, aggravated criminal sodomy, and two counts of aggravated indecent liberties with a child. Those convictions were affirmed in 2011 by the Kansas Supreme Court, and Miller didn't file for habeas relief until 2017, well after the one-year deadline in K.S.A. 2018 Supp. 60-1507(f).

On appeal, Miller argues that his untimely filing should be excused because manifest injustice will occur if his motion is dismissed. To support his manifest-injustice argument, he tries to establish a claim of actual innocence under K.S.A. 2018 Supp. 60-

1507(f)(2) by showing that his trial counsel provided ineffective assistance. He also claims a vested right to an analysis under the factors our Kansas Supreme Court had established in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014)—even though a less-expansive set of factors had been adopted by the Kansas Legislature after *Vontress* and before Miller filed his motion.

We do not find his arguments persuasive. Miller has not established manifest injustice under the standards that apply to his motion. And he cannot proceed on a claim that his due-process rights were violated by changing from the *Vontress* standards because he had no vested right to have the former *Vontress* factors applied to his case. See *White v. State*, 308 Kan. 491, 421 P.3d 718 (2018). We therefore affirm the district court's denial of Miller's motion.

FACTUAL AND PROCEDURAL BACKGROUND

Saul Miller was charged on July 26, 2005, with rape, aggravated criminal sodomy, and two counts of aggravated indecent liberties with a child. His first trial, lasting from February 28, 2007, through March 1, 2007, ended in a mistrial. On April 5, 2007, the State amended the complaint, but the charges remained substantially the same. During the trial, the State admitted evidence of Miller's admission to committing the crime through the statements of an investigator and a written statement by Miller. The State also presented medical evidence of the four-year-old victim's injuries and statements made by the victim to her mother, her grandmother, and a hospital nurse about what had happened. The jury convicted him on all counts, and the district court sentenced Miller to 203 months in prison.

Miller appealed, but both our court and the Kansas Supreme Court affirmed his conviction. *State v. Miller*, 293 Kan. 535, 264 P.3d 461 (2011); *State v. Miller*, 42 Kan.

2

App. 2d 12, 208 P.3d 774 (2009). The appellate mandate, ending his direct appeal, was issued November 21, 2011.

After being denied relief on a petition for habeas corpus to the federal courts, Miller filed his claim for state habeas relief under K.S.A. 2018 Supp. 60-1507 on January 10, 2017. The district court summarily denied his petition. Miller then appealed to our court.

Miller recognizes that his habeas claim was filed well after the one-year deadline, but he asks that it be heard on the merits to prevent manifest injustice. He also argues that his right to due process will be violated if his claim is not analyzed under the factors established by the Kansas Supreme Court in *Vontress* instead of the narrower standards established by the Kansas Legislature effective July 1, 2016. The State responds by arguing that the motion was filed out of time and that Miller has had no due-process rights violated. We agree with the State.

I. *The District Court Properly Denied Miller's Motion as Untimely Because He Did Not Establish Manifest Injustice.*

The Kansas Legislature has provided a one-year time limit for convicted defendants to file habeas corpus claims. The time limit begins to run when a convicted defendant's direct appeal has concluded. Miller's one-year period began to run on November 21, 2011, when the mandate was issued on his direct appeal. So Miller had to file his habeas claim by November 21, 2012, for it to have been timely.

Miller's claim is undisputedly filed past the one-year time limit: He did not file the claim until January 10, 2017. Miller looks to escape the time limit by establishing manifest injustice, which allows the court to extend the time to file. K.S.A. 2018 Supp. 60-1507(f)(2). Under the current version of the statute, the court may only grant a

3

manifest-injustice extension (1) if it finds that Miller can explain his failure to timely file or (2) if Miller makes a "colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Under the first prong, Miller asserts that the merits of the claim provide sufficient reason for the late filing—something that doesn't explain his untimely filing. Under the second prong, Miller makes an ineffective-assistance-of-counsel claim, but he hasn't made a colorable claim of actual innocence as that term is defined by the statute.

We will examine each factor separately in a bit more detail. Before we do that, let's first review the applicable statutory provisions and the standards of review that guide us on appeal.

K.S.A. 2018 Supp. 60-1507(f)(1)(A) requires all motions to be brought within "one year of [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Miller does not dispute that he has failed to meet the time limit.

K.S.A. 2018 Supp. 60-1507(f)(2) allows a defendant to escape the one-year time limit only by establishing "manifest injustice." In determining whether a defendant has met the manifest-injustice standard, the court may only consider (1) the reasons a defendant failed to timely file and (2) whether the defendant can make "a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Because the district court summarily denied Miller's K.S.A. 60-1507 motion, we must independently review that determination. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). For the motion to be denied without an evidentiary hearing, we must find the records, files, and motions "conclusively show that the movant is entitled to no relief." 308 Kan. at 293.

4

*Miller's Explanation for His Late Filing*

We begin with the reason Miller gives for failing to timely file. He doesn't really explain the late filing—he simply asserts that the merits of his claim themselves form the exceptional circumstances needed to extend the time on filing. But this standard was rejected in *Vontress*, 299 Kan. at 618.

When considering potentially valid reasons to extend the one-year limitation (even before the Kansas Legislature had further limited what could be considered), the Kansas Supreme Court rejected the notion that the merits of a defendant's case could serve as the basis for extending the time to file. 299 Kan. at 618. Such a rule, the court reasoned, would essentially wipe out the statute's time limit. 299 Kan. at 618. Instead, to qualify for a manifest-injustice exception based on the reasons a defendant failed to timely file, the defendant must provide an explanation.

In *White v. State*, for example, the defendant said that he hadn't been informed about the end of his direct appeal, the event that would have started the one-year clock to run. The court found that an acceptable explanation, if true. 308 Kan. at 508. But that is not Miller's assertion here. Because Miller has no real explanation for the failure to file a timely motion, he has not met the standard necessary to meet the first prong under K.S.A. 2018 Supp. 60-1507(f)(2)(A).

*Colorable Claim of Actual Innocence/Ineffective Assistance of Counsel*

Miller seeks to save his motion under the second prong of K.S.A. 2018 Supp. 60-1507(f)(2)(A), which allows the time to file be extended by the court if "the prisoner makes a colorable claim of actual innocence." The statute also defines what's meant by "actual innocence"—a showing that "it is more likely than not that no reasonable juror

5

would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). Miller never claims that he is not guilty, but instead relies on an ineffective-assistance-of-counsel claim. In essence, the argument is that had his attorney done a better job (by presenting more evidence), no reasonable juror would have convicted him.

Miller argues that his trial attorney failed to present two key pieces of evidence—a statement by Deandre Ferguson and that the fiancé of the victim's mother was a registered sex offender. But even taken together, this added evidence wouldn't meet the actual-innocence standard by showing a probability that no reasonable juror would have convicted Miller had this evidence been presented. (We should note that Miller's initial motion in the trial court contained more allegations of poor performance by his trial attorney. On appeal, though, he has only argued these two claims.) The specific claims Miller has made on appeal are (1) that his trial attorney did not "raise the critical evidence of the direct evidence of the statement made by Deandre Ferguson, that the victim told him that 'Daddy did it, not ghost [Mr. Miller]'" and (2) "that the victim's mother's boyfriend was a registered sex offender."

Before we look at these specific claims, we should note the general standards for reviewing a claim that the defendant's attorney provided assistance at a level below constitutionally required standards. Miller must first establish that his "counsel's representation fell below an objective standard of reasonableness, considering all circumstances." *Moncla v. State*, 285 Kan. 826, ¶ 3, 176 P.3d 954 (2008). The court strongly presumes that counsel's "conduct falls within the wide range of reasonable professional conduct," and its analysis is highly deferential to counsel's performance. 285 Kan. at 832. Second, Miller must show that "but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been more favorable to the defendant." 285 Kan. 826, ¶ 3.

6

When the ineffective-assistance-of-counsel claim is made in a habeas proceeding, the district court (or our court on appeal) determines whether the new evidence presented requires an evidentiary hearing. A defendant should be given an evidentiary hearing if he alleges facts that do not appear in the original record that, if true, would entitle the defendant to relief. *State v. Holmes*, 278 Kan. 603, 629, 102 P.3d 406 (2004). The defendant must also identify "readily available witnesses" whose testimony would support the alleged facts. 278 Kan. at 629.

Miller first claims that his counsel was ineffective because he failed to present a statement allegedly made by the victim to family friend Deandre Ferguson that "'Daddy did it, not ghost.'" Miller does not make it clear in his brief why "'ghost'" is Miller. This statement, claims Miller, would have had the effect of "deflecting attention from Mr. Miller" and given the jury another suspect to consider.

Second, Miller asserts that his counsel was ineffective because he failed to introduce the fact that the victim's mother's fiancé was a registered sex offender. The district court found this evidence to be irrelevant and inadmissible, and that's probably the case. Generally, for a criminal defendant to be able to present evidence that some third party may have committed the crime, the defendant must effectively connect the defendant to the crime, not just show motive or opportunity. See *State v. Tahah*, 293 Kan. 267, 274-75, 262 P.3d 1045 (2011). Miller hasn't made any showing other than the allegation (if true) that the fiancé was a registered sex offender. And even if the evidence of his status were to be admitted, Miller himself testified that the fiancé had been upstairs playing video games the night of the incident, something corroborated in trial testimony by both the victim's mother and grandmother.

In sum, even if both of these claimed new pieces of evidence were true and admitted at trial, they do not entitle Miller to relief. For Miller to be entitled to relief, the fair weight of the statements must be such that, more likely than not, "no reasonable

7

juror" would have convicted Miller. K.S.A. 2018 Supp. 60-1507(f)(2)(A); see *Beauclair*, 308 Kan. at 303. That's not the case here when we consider this new evidence in light of the evidence presented at trial. Along with other evidence, the State showed at trial that

- The victim identified Miller to her mother and grandmother as the person who "hurt her."
- The victim showed signs of tearing in her genital area, documented in photographs.
- Miller confessed to the crime in his interview with an investigator.
- Miller also confessed in a written statement entered into evidence.

So even if Miller were given an evidentiary hearing on his habeas claim and presented evidence on these two points, that wouldn't meet the actual-innocence test under the statute. He therefore has not shown manifest injustice based on ineffective assistance of counsel.

II. *Miller Had No Vested Right to a Manifest-Injustice Review Under the Standards Used Before the July 2016 Legislative Amendment to the Habeas Statute.*

Perhaps because he recognizes that he may not qualify for the manifest-injustice exception to the one-year time limit under the current statute, Miller also seeks consideration under the broader standards that had been set out in *Vontress*. In *Vontress*, the Kansas Supreme Court had interpreted the manifest-injustice section in an older version of K.S.A. 60-1507 as requiring three prongs of analysis:

> "(1) whether the prisoner provides persuasive reasons or circumstances that prevented him or her from filing the K.S.A. 60-1507 motion within the 1-year time limitation; (2) whether the merits of the prisoner's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) whether the prisoner sets forth a colorable claim of actual innocence." *Vontress*, 299 Kan. 607, Syl. ¶ 8.

The current statute, as amended effective July 1, 2016, only incorporates (in somewhat revised form) the first and the third *Vontress* factors. K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Miller argues that taking away consideration under the full *Vontress* standards by applying the current statute to him would deprive him of due process. To establish a due-process violation, Miller must establish that the State has deprived him of life, liberty, or property. *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005). Miller asserts that his conviction and sentence have deprived him of a liberty interest.

But the specific interest at issue is a narrow one—Miller's ability to argue for an extension of the one-year time limit under a manifest-injustice exception that's unavailable under the amended statute. Miller claims that taking away his ability to claim a manifest-injustice exception under the second *Vontress* factor violates his due-process rights.

Miller's argument on this point is essentially foreclosed by the Kansas Supreme Court's ruling in *White*. The court conducted a vested-rights analysis of the *Vontress* factors after the amendment in K.S.A. 60-1507. *White*, 308 Kan. at 500-03. The court concluded that the 2016 amendments "do not apply retroactively to [habeas] motions filed before July 1, 2016." 308 Kan. 491, Syl. ¶ 1. But Miller filed his motion on January 10, 2017, well after the effective date of the 2016 statutory amendments. He does not have a vested right to have his claim considered under the *Vontress* standards. See *Reed v. State*, No. 118,954, 2019 WL 848066, at *2-3 (Kan. App.) (unpublished opinion), *petition for rev. filed* March 25, 2019.

Miller asks this court to find that the second *Vontress* factor "should not have been eliminated" when the Kansas Legislature amended K.S.A. 60-1507. But we cannot second-guess the Legislature when the statutory language is clear. See *Hayes v. State*,

9

307 Kan. 9, 14, 404 P.3d 676 (2017). The Legislature "limited" the review of the court to only two inquiries. K.S.A. 2018 Supp. 60-1507(f)(2)(A). If, after its review, the court does not find that dismissal will lead to manifest injustice under those tests, it "must dismiss the motion as untimely filed." K.S.A. 2018 Supp. 60-1507(f)(3). We have reviewed Miller's claims under the amended statute, and he has not qualified for a manifest-injustice extension to the one-year time limit for filing his habeas claim.

We therefore affirm the district court's judgment.