NOT DESIGNATED FOR PUBLICATION

No. 120,366

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LORENZO MORALES III,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed November 1, 2019.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., STANDRIDGE and WARNER, JJ.

PER CURIAM: Lorenzo Morales III appeals the district court's summary denial of his K.S.A. 60-1507 motion. Morales claims the district court erred in denying his motion as untimely. Finding no error, we affirm the district court's judgment.

FACTS

In October 2010, a jury convicted Morales of attempted second-degree murder, criminal possession of a firearm, criminal threat, and battery against a law enforcement officer. On May 13, 2011, the district court sentenced Morales to 243 months' imprisonment and 36 months' postrelease supervision. On December 14, 2012, this court

1

affirmed his conviction. *State v. Morales*, No. 106,783, 2012 WL 6634400 (Kan. App. 2012) (unpublished opinion). The mandate was issued on January 22, 2013.

More than five years later, on May 25, 2018, Morales filed a pro se motion under K.S.A. 60-1507. Morales argued, under a heading titled "Manifest Injustice," that his conviction should be vacated because the district court failed to give the proper attempted voluntary manslaughter instruction. Morales later stated in his motion that he had never raised the jury instruction issue because he "is a lay-person who is ignorant of the complications, involved in proceedings of criminal law, and has only recently learned of the legal basi[s] for the claim."

On July 11, 2018, the district court issued an order denying Morales' motion, finding that the claims were meritless and that the motion was untimely with no showing of manifest injustice. The district court found that Morales provided no facts that would excuse his delay and stated that his ignorance of the law argument was undermined given that skilled counsel previously represented him.

On August 3, 2018, the district court sua sponte supplemented the order denying Morales' motion. The district court explained that it filed its previous order before it learned of *White v. State*, 308 Kan. 491, 421 P.3d 718 (2018). The district court recognized that in *White*, the Kansas Supreme Court articulated that the merits of the movant's claim was not a factor to be considered when determining whether manifest injustice required extension of the time limitation. The district court then stated that it also failed to address the second factor to establish manifest injustice explained in *White*—whether the defendant advanced a colorable claim of actual innocence. The district court found that Morales did not allege any facts to establish a colorable claim of actual innocence. Based on the two *White* factors to establish manifest injustice and the findings set forth in the original order and the supplemental order, the district court found

that Morales did not establish manifest injustice requiring the filing deadline for his K.S.A. 60-1507 motion to be extended. Morales timely appealed.

On appeal, Morales claims the district court erred in summarily denying his K.S.A. 60-1507 motion. He concedes that his motion was untimely but argues that the district court's dismissal results in manifest injustice. To establish manifest injustice, Morales asserts only that the issue raised in his motion has merit and he did not raise it sooner because of his limited knowledge of the law. The State asserts the district court properly denied Morales' K.S.A. 60-1507 motion. The State contends that Morales failed to establish either of the *White* factors to show manifest injustice to excuse the late filing.

"For a summary dismissal of a K.S.A. 60-1507 motion, the standard of review is de novo. An appellate court must determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief." *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

A prisoner has one year from the "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal" to file a motion under K.S.A. 60-1507. K.S.A. 2018 Supp. 60-1507(f)(1)(A). Morales filed his motion more than five years after the mandate in his direct appeal, making his motion untimely by at least four years. But the one-year time limitation may be extended to prevent "manifest injustice." K.S.A. 2018 Supp. 60-1507(f)(2). Manifest injustice has been defined by the appellate courts as "'obviously unfair'" and "'shocking to the conscience.'" *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011). Morales has the burden of establishing manifest injustice by a preponderance of the evidence. See Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228); *White*, 308 Kan. at 496.

3

Before July 1, 2016, Kansas courts used three judicially identified nonexclusive factors to determine whether manifest injustice existed to warrant an extension of the one-year statutory deadline for filing a motion under K.S.A. 60-1507. See *White*, 308 Kan. at 496. Often called the *Vontress* factors, these three factors were:

> "(1) [T]he movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014), *abrogated by statute as recognized in Hayes v. State*, 307 Kan. 9, 14, 404 P.3d 676 (2017).

As the district court correctly recognized in its supplement to its original order denying Morales' motion, in 2016 the Kansas Legislature amended K.S.A. 60-1507 to articulate the factors courts may consider when determining whether manifest injustice requires extending the one-year time limit. See L. 2016, ch. 58, § 2; *White*, 308 Kan. at 496. The 2016 amendments removed the second *Vontress* factor from consideration. See *White*, 308 Kan. at 496. Now, in determining whether manifest injustice requires extending the one-year time limit, "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). To advance a claim of actual innocence, the movant must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Looking to the first factor, Morales argues that he failed to file his motion within the one-year time limitation because he was a pro se litigant who was unaware of the jury instruction issue until shortly before he filed his motion. But Kansas caselaw recognizes that ignorance of the law is not a valid reason for failing to file a K.S.A. 60-1507 motion

4

within the one-year time limitation. See, e.g., *Houston v. State*, No. 118,704, 2018 WL 5305650, at *2 (Kan. App. 2018) (unpublished opinion), *rev. denied* 310 Kan. ___ (July 22, 2019); *Gholston v. State*, No. 116,114, 2017 WL 4558230, at *4 (Kan. App. 2017) (unpublished opinion), *abrogated on other grounds by White*, 308 Kan. 491; *Wilson v. State*, No. 106,815, 2012 WL 5519182, at *5 (Kan. App. 2012) (unpublished opinion). Moreover, as the district court noted, Morales' ignorance of the law argument was undermined given that he was represented by skilled counsel at his trial and in his direct appeal. Thus, Morales' explanation for the delay in filing is not a valid excuse under Kansas law and Morales advances no other explanation for his failure to timely file his motion.

Turning to the second factor, Morales did not advance any claim of actual innocence in his motion nor does he present any facts that would resemble such an argument in his appellate brief. Instead, Morales' motion and brief focus on the merits of his argument that the jury instructions were erroneous. But as explained above, the merits of Morales' claim are not to be considered when determining whether manifest injustice requires extension of the one-year time limitation. See *White*, 308 Kan. at 496.

In sum, because Morales did not present a valid reason for failing to timely file his motion and he did not make a colorable claim of actual innocence, he has failed to meet his burden of establishing manifest injustice that would allow the extension of the one-year time limitation. Thus, the district court did not err in summarily denying Morales' K.S.A. 60-1507 motion as untimely.

Affirmed.