NOT DESIGNATED FOR PUBLICATION

No. 117,966

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SONNY CHAVARRIA GONZALEZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed August 10, 2018. Reversed and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Candice Alcaraz*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE and STANDRIDGE, JJ.

PER CURIAM:  Sonny Chavarria Gonzalez appeals from the district court's summary denial of his K.S.A. 60-1507 motion. Upon our review, we reverse and remand with directions to the district court to apply the three-factor test enunciated in *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014), and to reconsider whether manifest injustice would occur if Gonzalez was procedurally barred from seeking K.S.A. 60-1507 relief.

1

In 2010, Gonzalez pled guilty to first-degree felony murder and aggravated robbery. The district court sentenced Gonzalez to life in prison for the first-degree murder conviction and an additional 24 months' imprisonment for the aggravated robbery conviction. Gonzalez did not appeal.

Six years later, on June 23, 2016, Gonzalez filed a K.S.A. 60-1507 motion seeking to set aside his pleas because they were not knowingly made and his trial counsel was allegedly ineffective. Gonzalez also claimed the criminal complaint was defective and he lacked the intent to commit the crimes because of intoxication. Gonzalez asked the district court to hold an evidentiary hearing "to correct a manifest injustice."

The district court summarily denied Gonzalez' motion, ruling that it was untimely and there was no manifest injustice in enforcing the time limitations of K.S.A. 60-1507(f). Gonzalez appeals.

ANALYSIS

When considering a K.S.A. 60-1507 motion, a district court has three options:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

2

Here, the district court selected the first option and summarily denied Gonzalez' K.S.A. 60-1507 motion, finding that it "was not timely filed and that it is not manifestly unjust to apply the time limitations." Under these circumstances, we review a district court's decision to deny a K.S.A. 60-1507 motion de novo to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

The district court sentenced Gonzalez on March 12, 2010. Gonzalez did not pursue a direct appeal from his convictions or sentences. Consequently, his direct criminal proceedings terminated on March 22, 2010, 10 days after his sentencing. See K.S.A. 22-3608(c). Under K.S.A. 60-1507(f)(1) Gonzalez was required to file his motion on or before March 22, 2011. As a result, the district court correctly determined: "This [motion] was brought over six years after the judgment was entered in this matter and is certainly not timely filed."

On appeal, Gonzalez concedes the untimeliness of his motion, and we agree with this concession and the district court's finding of untimeliness. However, the gravamen of this appeal is Gonzalez' claim that the district court erred by not finding manifest injustice would occur without consideration of his untimely motion. In this regard, K.S.A. 60-1507(f)(2) provides that a district court may extend the one-year time period to prevent manifest injustice.

Preliminarily, it is important to establish the legal standard to be applied in the determination of whether Gonzalez established manifest injustice. The appropriate legal standard depends on the application of a statutory amendment to K.S.A. 60-1507(f)(2), which the Kansas legislature enacted on July 1, 2016, a few days after Bailey filed his motion. See K.S.A. 2017 Supp. 60-1507(f)(2)(A); L. 2016, ch. 58, § 2. We must determine whether this amendment applies retroactively to Gonzalez' motion.

3

Prior to this amendment, our Supreme Court held that manifest injustice must be determined from the totality of the circumstances, which includes, but is not limited to, a consideration of

"whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." *Vontress*, 299 Kan. at 616.

But the Legislature amended K.S.A. 60-1507, effective July 1, 2016. The new subsection, (f)(2)(A), states:

"For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2017 Supp. 60-1507(f)(2)(A).

As is readily apparent, this amendment limits the Supreme Court's holding in *Vontress* and precludes courts from considering the merits of a K.S.A. 60-1507 movant's claim when determining whether manifest injustice would occur without the extension of the one-year filing period.

In its appellee's brief, the State argued that the statutory amendment applies retroactively, limiting our court's inquiry and preventing us from considering whether the merits of the motion raised substantial issues of law or fact. In his appellant's brief, Gonzalez did not address whether the limiting amendment applied to this case. Whether the amendment applies retroactively to Gonzalez' motion is an issue of statutory

4

interpretation and our court has unlimited review. See *State v. Brownlee*, 302 Kan. 491, 508, 354 P.3d 525 (2015).

During the pendency of this appeal, our Supreme Court answered the retroactivity question in *White v. State*, No. 114,284, 2018 WL 3321186 (Kan. 2018). In *White*, our Supreme Court definitively held: "The Legislature's amendments to K.S.A. 60-1507(f), L. 2016, ch. 58, § 2, do not apply retroactively to 60-1507 motions filed before July 1, 2016." 308 Kan. ___, Syl. ¶ 1. Notably, it is undisputed that Gonzalez filed his K.S.A. 60-1507 motion on June 23, 2016.

Given the importance of *White* and the parties' inability to brief the significance of this new opinion which was filed after all appellate briefs were submitted in this case, our court directed the parties to discuss this new precedent at oral argument. During oral argument, both the State and Gonzalez agreed that, in keeping with *White*, the limiting amendment of K.S.A. 60-1507(f)(2) did *not* apply to Gonzalez' motion, and the issue of manifest injustice should be evaluated using the three-factor *Vontress* standard. See *White*, 308 Kan. ___, Syl. ¶ 2.

Having established that the *Vontress* standard controls the analysis of whether Gonzalez has shown manifest injustice in order to extend the time limitation, we next consider the district court's summary findings:

> "In paragraph 12 of his motion Gonzalez request[s] a new trial '. . . to correct manifest injustice . . . .' The remaining portions in the motion do not explain any reason why manifest injustice has occurred. *State v. Kelly*, 291 Kan. [868, 873, 249 P.3d 1282 (2011)], defines manifest injustice as meaning 'obviously unfair' or 'shocking to the conscience.' Gonzalez'[] motion provides no reason to excuse the delay in this filing. As repeated in *Vontress*[, 299 Kan. at 617], the burden is on the movant in a habeas corpus action to show reasons or excuses for a filing delay and the movant has the burden to show manifest injustice. Gonzalez has failed this requirement."

In short, focusing exclusively on the first *Vontress* factor, the district court found that Gonzalez failed to show any persuasive reasons or circumstances that prevented him from filing a timely K.S.A. 60-1507 motion.

On appeal, Gonzalez does not contest his failure to explain why his motion was untimely filed. Rather, he suggests that he has limited English language skills. Second, he complains that the K.S.A. 60-1507 form motion that he used in this case failed to inform him of the need to explain the reason for his untimeliness. The State counters that a pro se K.S.A. 60-1507 movant is required to be aware of and follow the rules of civil procedure applicable to all civil litigants.

We are persuaded that, in his motion, Gonzalez presented no circumstances or reasons why he failed to timely file his claims within the one-year time limitation of K.S.A. 60-1507(f)(1). Moreover, on appeal, Gonzalez has failed to adequately explain this failure. As a result, we find no error in the district court's ruling regarding the first *Vontress* factor.

But that determination does not end our inquiry. As Gonzalez points out, given *Vontress*' totality of circumstances approach:  "Manifest injustice can be found even if a [movant] does not articulate reasons for a delay in filing." We agree. Under the *Vontress* approach "no single factor is dispositive." 299 Kan. at 616. However, "failing to plead excuses for the filing delay may result in a greater risk that the movant's claim will be dismissed as untimely." 299 Kan. at 617.

Next, we consider the second *Vontress* factor—whether the merits of Gonzalez' motion raise substantial issues of law or fact deserving of the district court's consideration. The district court did not mention or discuss the second *Vontress* factor or analyze the merits of the issues raised.

6

Gonzalez' motion raises several issues. As summarized in his appellant's brief:

"Specifically, in his pro se pleadings, [Gonzalez] expressed that, (1) he had not understood 'the complex language' of the plea when he accepted it and he had not known the difference between the degrees of homicide; (2) he had a viable defense because he was intoxicated and sleep deprived at the time of the offense; (3) his attorney was incompetent, misleading on the law, and had failed to properly investigate the underlying facts or pursue his legal defense; and (4) he had not attempted to seek post-conviction relief, having been 'informed the right to appeal was not possible,' yet there were aspects of his sentence that he wanted to challenge."

Based on these issues, Gonzalez contends that "[a]ny analysis under the totality of the circumstances test would lead to the conclusion that [Gonzalez] was raising a significant claim of ineffective assistance of counsel and a lack of due process of law." For its part, in its appellee's brief the State did not address the merits of Gonzalez' claims because the State contended the second *Vontress* factor did not apply.

As to the merits of the motion, some of Gonzalez' claims appear more appropriate for a direct appeal than a K.S.A. 60-1507 motion. As a general rule, a movant may not use a K.S.A. 60-1507 motion as a substitute for a direct appeal. Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 223). Gonzalez' claims of a defective complaint, lack of intent to commit the crime for which he pled guilty, improper sentencing, and an improper registration requirement are arguably matters for a direct appeal rather than this collateral attack. But Gonzalez pled guilty and did not prosecute a direct appeal.

Do Gonzalez' claims of ineffective assistance of counsel rise to a level of substantial issues of law or fact deserving of judicial consideration? Gonzalez cites a somewhat similar case, *Bellamy v. State*, 285 Kan. 346, 172 P.3d 10 (2007), wherein the district court appointed counsel and conducted a preliminary hearing before denying the

7

K.S.A. 60-1507 motion without an evidentiary hearing. Gonzalez cites with approval our Supreme Court's admonition in *Bellamy* that

> "the district court *must* conduct an evidentiary hearing unless the motion, files, and records of the case conclusively show that the movant is not entitled to relief. There are not sufficient facts in the record to establish what advice Bellamy received from his trial counsel prior to entering his guilty plea or how that advice influenced Bellamy's decision to plead guilty. When substantial questions of fact remain, the matter must be remanded to the district court for a hearing." 285 Kan. at 357.

Gonzalez' argument, supported by *Bellamy*, is persuasive. As a general rule, an appellate court will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014).

> "[G]enerally the factual aspects of a claim of ineffective assistance of counsel require that the matter be resolved through a K.S.A. 60-1507 motion or through a request to remand the issue to the district court for an evidentiary hearing under *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). [Citation omitted.]" *State v. Galaviz*, 296 Kan. 168, 192, 291 P.3d 62 (2012).

Here, although Gonzalez has raised substantial claims of ineffective assistance of counsel in his motion, there was no preliminary hearing or evidentiary hearing, and as a result, we are unable to evaluate those claims. Moreover, since the district court did not make findings regarding the merits of the claims, we also do not know if it reached any conclusions regarding the validity of these fact-intensive assertions. Under these circumstances, we believe a remand for further proceedings is necessary to fully develop a record and appropriately evaluate the second *Vontress* factor.

The third *Vontress* factor—whether the movant set forth a colorable claim of actual innocence—also was not addressed or analyzed by the district court. In his motion,

Gonzalez makes no colorable claim of actual innocence, and on appeal, he does not specifically argue this factor. As a general rule, an issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). For its part, the State points out that Gonzalez confessed to the crime and pled guilty; and in his K.S.A. 60-1507 motion, he handwrote: "[Y]our defendant states on record [that] he was responsible for the act that caused the death of his victim." On this record, the motion, files, and case records conclusively show that Gonzalez has failed to make a colorable claim of actual innocence.

In summary, our de novo review has determined that Gonzalez has failed to make the necessary showing with regard to the first and third *Vontress* factors. But a remand is necessary in order for the district court to develop a record and consider the merits of Gonzalez' claims of due process violations and ineffective assistance of counsel which relate to the second *Vontress* factor.

Moreover, a remand is also necessary to afford the district court an opportunity, after assessing the second *Vontress* factor, to consider the totality of circumstances and determine whether it would constitute a manifest injustice to not extend the statutory time to consider the motion. Such a consideration of the totality of circumstances is necessary because

> "courts should not simply tally the factors and determine, for example, that a movant had established manifest injustice simply because two out of the three factors favored that outcome. Instead, a court applying the *Vontress* factors must consider all the circumstances and determine if, in total, those circumstances create a situation in which it would be obviously unfair or shocking to the conscience to not allow a movant to pursue relief under 60-1507." *White*, 2018 WL 3321186, at *6.

Accordingly, the district court is reversed and the case is remanded with directions for further proceedings.

9