NOT DESIGNATED FOR PUBLICATION

No. 118,954

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL A. REED,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 22, 2019.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Michael A. Reed appeals the district court's summary denial of his
K.S.A. 60-1507 motion as untimely. Reed argues that the 2016 amendments to K.S.A.
60-1507, as applied to his motion, unconstitutionally deprive him of his due process
rights as guaranteed by the Fourteenth Amendment to the United States Constitution.
Finding no error, we affirm the district court's judgment.

In September 2011, a jury convicted Reed of murder in the first degree and
aggravated assault. The district court sentenced him to 18 months' imprisonment for the

1

aggravated assault and life in prison for the murder conviction, with the sentences to be served consecutively and consecutive to any other sentences. Reed filed a direct appeal and the Kansas Supreme Court affirmed his convictions and sentences. See *State v. Reed*, 302 Kan. 390, 404, 352 P.3d 1043 (2015). The mandate in Reed's direct appeal was issued on August 3, 2015.

More than one year later, on September 12, 2016, Reed filed a pro se motion under K.S.A. 60-1507 alleging ineffective assistance of both attorneys who represented him at trial. On November 9, 2016, the district court summarily denied Reed's motion because it was untimely and because Reed had not asserted—and the district court's review of the record before it did not show—that the court should extend the one-year deadline to prevent manifest injustice. Reed timely appealed.

"For a summary dismissal of a K.S.A. 60-1507 motion, the standard of review is de novo. An appellate court must determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. " *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Reed had one year from the date the mandate was issued in his direct appeal to file a K.S.A. 60-1507 motion. K.S.A. 2018 Supp. 60-1507(f)(1). The one-year deadline "may be extended by the court only to prevent a manifest injustice." K.S.A. 2018 Supp. 60-1507(f)(2).

It is undisputed that Reed's 60-1507 motion was untimely filed. So the question before the district court was whether extension of the one-year deadline is necessary to prevent manifest injustice. See K.S.A. 2018 Supp. 60-1507(f)(2). Before July 1, 2016, Kansas courts used three judicially identified nonexclusive factors to determine whether manifest injustice existed to warrant an extension of the one-year statutory deadline for

2

filing a motion under K.S.A. 60-1507. See *White v. State*, 308 Kan. 491, 496, 502, 421 P.3d 718 (2018). Commonly called the *Vontress* factors, these three factors were:

> "(1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence." *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014), *abrogated by statute as recognized in Hayes v. State*, 307 Kan. 9, 14, 404 P.3d 676 (2017).

In 2016, in response to *Vontress*, the Kansas Legislature amended K.S.A. 60-1507 to articulate the factors courts may consider when determining whether manifest injustice should extend the one-year deadline. See *White*, 308 Kan. at 496. The 2016 amendments removed the second *Vontress* factor from consideration:

> "(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Our Supreme Court recently held that prisoners who filed K.S.A. 60-1507 motions before July 1, 2016, the effective date of the 2016 amendments, "had a vested right to argue the *Vontress* test, including the second factor and any other factor that might establish manifest injustice." *White*, 308 Kan. at 502. As Reed concedes, he does not fall within that class of prisoners because he filed his motion after July 1, 2016. But Reed still argues that if his ineffective assistance of counsel claims are not considered on their merits, manifest injustice will result because of the egregious nature of his claims. He also contends that restricting him to the current statutory list of factors considered to

3

determine manifest injustice violates his constitutional right to due process because it effectively deprives him of a hearing on his claims of ineffective assistance of counsel.

Reed's arguments fail for three reasons. First, a movant filing a K.S.A. 60-1507 motion outside the one-year time limitation must affirmatively assert manifest injustice; if the movant fails to do so, the motion is procedurally barred. See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). Reed did not affirmatively assert manifest injustice in his motion, thus it is procedurally barred.

Second, Reed raises his constitutional due process argument for the first time on appeal. "Generally, constitutional claims cannot be raised for the first time on appeal. 'Although exceptions to this general rule exist, parties seeking to raise an issue for the first time on appeal must assert the exceptions.'" *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Reed neither acknowledges that he is raising his constitutional argument for the first time on appeal nor asserts that any exceptions apply to excuse him from the general rule against doing so. This failure is also fatal to his appeal. See 307 Kan. at 430.

Third, Reed's argument that application of the 2016 amendments to his K.S.A. 60-1507 motion unconstitutionally deprives him of his due process rights fails on the merits. Reed contends that enforcing the 2016 amendments denies him "a 'vested right' remedy." But "[t]he term 'vested rights' describes rights that cannot be abolished by retroactive legislation." *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 460, 264 P.3d 102 (2011). Because the 2016 amendments took effect prior to Reed filing his motion, this case does not involve retroactive application of legislation and Reed had no "vested right" to argue the *Vontress* factors. See *White*, 301 Kan. at 502 ("[T]he Legislature destroyed vested rights with the 2016 amendments.").

We are similarly unpersuaded by Reed's assertion that the 2016 amendments "violate[ his] due process rights under the Fourteenth Amendment" by denying him the

4

opportunity to be heard at a meaningful time in a meaningful manner. As the United States Supreme Court has long held, "legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 16, 96 S. Ct. 2882, 49 L. Ed. 2d 752 (1976). To the contrary, "the legislative process itself generally provides all the process that is due when legislation results in the . . . deprivation of protected property interests." *Scribner v. U.S.D. No. 492*, 308 Kan. 254, 263, 419 P.3d 1149 (2018).

Although the 2016 amendments limited the bases for extension of the one-year deadline for K.S.A. 60-1507 motions, the Legislature can enact such limitations as long as the legislative process affords sufficient process. Reed does not allege that the legislative process undertaken with respect to the 2016 amendments was in any way deficient. Finally, the statutory removal of the second *Vontress* factor from Kansas courts' manifest injustice analysis did not deny Reed a meaningful opportunity to be heard on his claims of ineffective assistance of counsel. Reed could have filed his motion before the one-year deadline; he simply failed to do so and gives no explanation for the delay.

When Reed filed his K.S.A. 60-1507 motion, the only considerations relevant to whether manifest injustice would occur absent an extension of the one-year deadline were those set forth by the 2016 amendments:  (1) why Reed failed to timely file the motion, and (2) whether Reed made a colorable claim of actual innocence. See K.S.A. 2018 Supp. 60-1507(f)(2)(A). Reed's motion did not explain why he failed to timely file it, and he made no colorable claim of actual innocence. Thus, the district court did not err in summarily denying his K.S.A. 60-1507 motion as untimely.

Affirmed.