NOT DESIGNATED FOR PUBLICATION

No. 127,100

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSEPH C. ESHER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Brown District Court; LAURA JOHNSON-MCNISH, judge. Submitted without oral argument. Opinion filed November 15, 2024. Affirmed.

*Joseph A. Desch*, of Law office of Joseph A. Desch, of Topeka, for appellant.

*Kevin M. Hill*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Joseph C. Esher appeals from the denial of his untimely K.S.A. 60-1507 motion, filed almost 19 years after his convictions for two counts of rape and one count each of aggravated criminal sodomy, aggravated kidnapping, kidnapping, and criminal threat. On appeal, Esher contends that the district court erred in dismissing his motion because he asserted a jurisdictional claim that cannot be denied as out of time since subject matter jurisdiction may be raised at any time. After review, we find Esher's arguments unpersuasive and affirm the summary dismissal of his habeas motion.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Esher's 2001 convictions are found in *State v. Esher*, No. 88,343, 2003 WL 22005897, at *1-3 (Kan. App. 2003) (unpublished opinion). Recitation of those facts, however, is unnecessary here. Relevant to this appeal, Esher was convicted in 2001 of two counts of rape and one count each of aggravated criminal sodomy, aggravated kidnapping, kidnapping, and criminal threat. Another panel of this court reversed Esher's criminal threat conviction on direct appeal, holding that it was clearly erroneous for the district court to fail to give a unanimity instruction because "the jury could have found three possible threats" and "it is impossible to determine if defendant obtained a unanimous verdict." 2003 WL 22005897, at *6. The panel remanded for a new trial on the criminal threat charge and affirmed the remaining convictions. 2003 WL 22005897, at *8. The mandate issued on November 14, 2003. The State moved to dismiss the criminal threat count on remand. The district court dismissed it without prejudice on February 3, 2005.

On November 1, 2022, Esher filed a pro se motion for habeas corpus under K.S.A. 2022 Supp. 60-1507. On September 25, 2023, the district court dismissed the motion. The court found that it could decide the matter based on the filings alone. The court's order stated that it found "no evidence justifying the acceptance of the defendant's untimely appeal." Esher appeals.

## ANALYSIS

The sole issue presented on appeal is whether the district court erred in summarily dismissing Esher's habeas corpus motion.

*Standard of Review*

When a K.S.A. 60-1507 motion is summarily dismissed, we conduct our review de novo and determine whether the filings and records conclusively establish that there is no right to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Discussion*

K.S.A. 2023 Supp. 60-1507(f)(1) imposes a one-year filing limitation from "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Because appellate jurisdiction in Esher's direct appeal ended on November 14, 2003, Esher should have filed his habeas motion by November 14, 2004. He acknowledges that his motion, filed on November 1, 2022, was out of time.

The district court can extend the time "only to prevent a manifest injustice." K.S.A. 2023 Supp. 60-1507(f)(2); *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). "[M]anifest injustice . . . means '"obviously unfair"' or '"shocking to the conscience."'" *Vontress v. State*, 299 Kan. 607, 614, 325 P.3d 1114 (2014). When determining whether a manifest injustice has occurred, courts are limited to considering (1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence. K.S.A. 2023 Supp. 60-1507(f)(2)(A); *Beauclair*, 308 Kan. at 294.

Actual innocence is defined as "more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A); *Beauclair*, 308 Kan. at 294. If the movant fails to file within one year and if he "'fails to assert manifest injustice'" in his motion, the movant "'is procedurally barred from maintaining the action.'" *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019). It is

Esher's burden to demonstrate manifest injustice. See *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018).

Esher did not explain his delay in filing his K.S.A. 60-1507 motion, nor did he provide new evidence to make an actual innocence claim. He asserted that "the time limitation in K.S.A. 60-1507 should not apply to a void judgment." Esher's pro se motion simply stated that his convictions should be reversed "even if the Court finds [his] pleading does not meet the exception(s) to the one-year time limit in K.S.A. 60-1507."

On appeal, Esher argues that the allegations made in his motion stated a jurisdictional claim that may be raised at any time and thus cannot be denied pursuant to K.S.A. 60-1507's time limitations. Esher's motion claimed his convictions were void because the district court lacked subject matter jurisdiction. Esher's argument is essentially that when the Kansas Court of Appeals reversed his criminal threat conviction, the element of "force or fear" necessary to convict him of rape and aggravated criminal sodomy was no longer present, making those convictions void. See K.S.A. 21-3502(a)(1)(A) (Furse 1995) (now codified at K.S.A. 21-5503[a][1][A]) (The definition of rape requires the victim be "overcome by force or fear."); K.S.A. 21-3506(a)(3)(A) (Furse 1995) (now codified at K.S.A. 21-5504[b][3][A]) (The definition of aggravated criminal sodomy requires the nonconsenting victim be "overcome by force or fear."). Esher frames his claim as a subject matter jurisdiction challenge, which he argues can be brought at any time. In reality, however, he is challenging the sufficiency of the evidence.

"'Subject matter jurisdiction is the power of the court to hear and decide a particular type of action.'" *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016). It is true that the "nonexistence [of subject matter jurisdiction] may be challenged any time," and "[a] conviction obtained in a court without subject matter jurisdiction is void." *Dunn*, 304 Kan. at 784. What Esher fails to explain is how a lack of proof of an element of a crime constitutes a lack of subject matter jurisdiction. He states: "[T]he jurisdictional

4

challenge in [the] motion was that the State's failure to retry the reversed criminal threat conviction amounts to a denial of due process and/or a fair trial on his other counts which were not reversed on direct appeal." Esher cites no authority for that proposition.

There was no failure to retry, however, as the State is not required to retry a case. "The discretion whether or not to prosecute has long been the sacred domain of the prosecutor." *State ex rel. Murray v. Palmgren*, 231 Kan. 524, 528, 646 P.2d 1091 (1982); see *United States v. Pottorf*, 828 F. Supp. 1489, 1498-99 (D. Kan. 1993). The State properly dismissed the criminal threat charge after the remand.

Failure to prove an essential element of a crime—such as the force or fear necessary to convict a defendant of rape under K.S.A. 21-5503(a)(1)(A) and aggravated criminal sodomy under K.S.A. 21-5504(b)(3)(A)—amounts to a claim of insufficient evidence. See *State v. Cravatt*, 267 Kan. 314, 327, 979 P.2d 679 (1999). Esher did not explain in his motion, and does not explain on appeal, how a claim of insufficient evidence is jurisdictional. Esher has not stated a jurisdictional claim. As the State points out: "[Esher's] pleadings failed to provide an adequate basis for any of the factors that courts are limited to considering relative to an untimely filing of a 1507 motion."

Esher's failure to assert manifest injustice requires dismissal of his habeas motion because he is procedurally barred from maintaining it. See K.S.A. 2023 Supp. 60-1507(f)(3); *Roberts*, 310 Kan. at 13-14. The district court did not err when it summarily dismissed Esher's K.S.A. 60-1507 motion.

Affirmed.